# EXHIBIT A

## TOLLING AGREEMENT

This Tolling Agreement ("Agreement") is effective as of May 20, 2009 (the "Effective Date") and is entered into between Fannie Mae (f/k/a Federal National Mortgage Association) and Mortgage Asset Securitization Transactions, Inc., UBS Securities LLC and UBS Real Estate Securities Inc. (together, "UBS").

WHEREAS, Fannie Mae is considering whether to pursue various claims against UBS and/or any of their predecessors, successors, parents, subsidiaries, divisions, affiliates, agents, directors, officers, partners, principals, employees, representatives, shareholders, licensees, sublicensees, underwriters, issuing trusts, issuing entities (collectively, "UBS Parties"), or assigns, for, but not limited to, violations of the federal securities laws, related to Fannie Mae's purchase of residential mortgage-backed securities identified on Exhibit A attached hereto ("RMBS"), and

WHEREAS, UBS requires sufficient time to review the information provided by Fannie Mae to determine how to respond; and

WHEREAS, Fannie Mae and UBS (each, a "Party," and collectively, the "Parties") believe that their interests will best be served by attempting to resolve any such claims by compromise prior to the filing of any such claims;

THEREFORE, the Parties stipulate and agree as follows:

1.      The Term of this Agreement ("Tolling Period") shall begin on May 20, 2009, and shall end on the earlier of (a) the filing of any claim by Fannie Mae against UBS or the UBS Parties; (b) ten business days following the provision of written notice of termination by any Party; or (c) 5:00 p.m. Eastern Standard Time on May 20, 2010.

2.      The Parties agree that the Tolling Period shall not be included in calculating any statute of limitations that might be applicable to any claims of any type that the Parties may file against each other or the UBS Parties with respect to the RMBS (the "Tolled Claims"). The Parties agree, and, to the extent allowable under contract or law, UBS agrees on behalf of the UBS Parties, not to assert, plead, or raise in any fashion, whether by answer, motion, or otherwise, any defense based on the running of any statute of limitations or on laches or other principle of timeliness that may apply during the Tolling Period.

3.      Notwithstanding any other provisions herein, this Agreement shall not operate to (a) revive or extend the time for filing any claim that has lapsed prior to the Effective Date of this Agreement by operation of law, statute, regulation or otherwise, or (b)

preclude the Parties from raising as a defense that any claim lapsed prior to the Effective Date of this Agreement and is barred by operation of law, statute, regulation or otherwise.

4. This Agreement does not prejudice, waive, or limit any other defenses that the Parties may have except as set forth in paragraph 2 above.

5. This Agreement contains the entire agreement between the Parties, and no statement, promise or inducement made by any Party to this Agreement, or any agent of the Parties, that is not set forth in this Agreement shall be valid or binding. This Agreement may not be enlarged, modified or altered except in writing signed by both Parties. This Agreement may be executed in counterparts.

6. This Agreement does not constitute any admission of any fact, circumstance, or liability on the part of any Party, or an admission or acknowledgment on the part of any Party as to the date on which the statute of limitations for any claim begins or ends.

7. The terms and conditions of this Agreement shall inure to the benefit of and shall be binding upon the respective successors of the Parties.

8. Each person executing this Agreement represents that he or she is authorized to execute this Agreement on behalf of the Party he or she purports to represent.

9. In interpreting this Agreement, the Parties expressly agree that the Agreement was prepared jointly by the Parties, and that no ambiguity shall be resolved against any Party on the basis that it was responsible, or primarily responsible, for having drafted the Agreement. Each of the Parties acknowledges that it did not execute this Agreement under duress and was represented by competent counsel in connection with this Agreement.

10. This Agreement shall be governed by and construed and interpreted in accordance with the laws of New York without reference to principles of conflict of laws.

11. This Agreement may be terminated on ten (10) business days' written notice to:

William Quinn  
Senior Vice President,  
Capital Markets Strategy  
Fannie Mae  
4000 Wisconsin Ave., NW  
Washington, DC 20016  

John Moon  
Executive Director  
UBS Investment Bank  
1285 Avenue of the Americas  
New York, NY 10019  

12. The Parties agree that the existence and terms of this Agreement shall be kept confidential and shall not be disclosed without prior written consent of the other party, except (a) as required by law; (b) for corporate financial reporting; (c) for examination or audit of the Parties' respective businesses; (d) as necessary to carry out or enforce the

Parties' obligations under the Agreement; (e) as required by a court or arbitration panel or (f) as required or requested by a regulatory agency, or governmental authority. To the extent that disclosure is to be made to a court or arbitration panel, the party disclosing the Agreement shall inform the other party of the disclosure by written notice and email ten (10) business days in advance of any such disclosure.

13. All materials created by either Party or exchanged between the Parties relating to either this Agreement or potential settlement of the Tolled Claims, as well as all discussions relating to either this Agreement or potential settlement of the Tolled Claims, have been and will be without prejudice to the rights, remedies and defenses of the Parties and any related materials or at law or in equity. All such materials and discussions shall constitute settlement discussions and shall not be the subject of any discovery proceedings, to the extent permitted by law, and shall not be used or admitted into evidence by any Party in any court proceeding in accordance with Federal Rule of Evidence 408 and any applicable state law. Without limiting the foregoing, each Party agrees that it will not use this Agreement or any of such materials or discussions as a basis for a claim against the other Party. Notwithstanding the foregoing, this Agreement may be offered by either of the Parties in any lawsuit, arbitration, or other proceeding without prior notice solely for the purpose of establishing, if contested, the tolling of all time-related contractual, legal, or equitable defenses as set forth in this Agreement. Paragraph 13 shall survive termination of this Agreement.

14. Should the Parties wish to exchange documents or materials in an effort to resolve the Tolled Claims, the Parties shall negotiate in good faith a separate nondisclosure agreement concerning the confidentiality of those documents.

15. No Party shall file or assert a claim against any other Party prior to ten (10) business days following the provision of written notice of termination. The tolling period shall not

\* \* \*

expire until ten (10) business days following the provision of written notice of termination.

IN WITNESS WHEREOF, the Parties or their duly authorized representatives have executed this Agreement, consisting of five pages (including this signature page and Exhibit A).

FANNIE MAE

By: _[signature]_
Name: WILLIAM F. QUINN
Title: Senior Vice President

MORTGAGE ASSET SECURITIZATION TRANSACTIONS, INC.

By: _[signature]_
Name: Greg Walker
Title: Managing Director

By: _[signature]_
Name: Christopher Scolaro
Title: Director

UBS REAL ESTATE SECURITIES, INC.

By: _[signature]_
Name: Greg Walker
Title: Managing Director

By: _[signature]_
Name: Christopher Scolaro
Title: Director

UBS SECURITIES LLC

By: _[signature]_           John Moon
Name:                       Director
Title:                      Region Americas Legal

By: _[signature]_
Name:
Title:   Alan J. Brudner
         Managing Director
         Region Americas Legal

4

# EXHIBIT A

| CUSIP | Bloomberg Name | BOND | Product | UPB - 04/30/09 | Deal Issuer | Deal Issuer Parent |
|---|---|---|---|---|---|---|
| 57643LHJ8 | MABS 2005-OPT1 | A1 | Subprime | 38,229,515 | UBS | UBS |
| 57644TAA6 | MABS 2006-WMC2 | A1 | Subprime | 119,350,199 | UBS | UBS |
| 57645MAA0 | MABS 2006-WMC4 | A1 | Subprime | 120,449,269 | UBS | UBS |
| 57645MAB8 | MABS 2006-WMC4 | A2 | Subprime | 13,383,252 | UBS | UBS |
| 55275TAA6 | MABS 2007-WMC1 | A1 | Subprime | 154,692,607 | UBS | UBS |
| 576434D92 | MALT 2005-1 | 3A1 | Alt-A | 23,236,838 | UBS | UBS |
| 576434Q64 | MALT 2005-4 | 3A1 | Alt-A | 26,920,955 | UBS | UBS |
| 576433EB9 | MARM 2005-8 | 2A1 | Alt-A | 236,934,100 | UBS | UBS |
| 576433E77 | MARM 2005-8 | 3A1 | Alt-A | 40,567,363 | UBS | UBS |
| 576438AC9 | MARM 2006-2 | 2A1 | Alt-A | 38,623,296 | UBS | UBS |
| 57645NAA8 | MARM 2007-3 | 11A1 | OptionARMAlt-A | 252,404,544 | UBS | UBS |
| 57645NAB6 | MARM 2007-3 | 11A2 | OptionARMAlt-A | 168,269,968 | UBS | UBS |
| 57645NAM2 | MARM 2007-3 | 21A1 | OptionARMAlt-A | 94,286,996 | UBS | UBS |
| 57645NAN0 | MARM 2007-3 | 21A2 | OptionARMAlt-A | 62,857,997 | UBS | UBS |

5

## EXTENSION TO TOLLING AGREEMENT

Reference is made to the Tolling Agreement (the "Agreement"), dated as of May 20, 2009 (the "Effective Date"), by and between Fannie Mae (f/k/a Federal National Mortgage Association) and Mortgage Asset Securitization Transactions, Inc., UBS Securities LLC and UBS Real Estate Securities Inc. (together, "UBS") (all parties referred to collectively as the "Parties" and singularly as a "Party").

WHEREAS, the Parties have agreed to extend the effective period of the Agreement,

THEREFORE, on this 26th day of April 2010, the Parties hereby agree as follows:

1. Paragraph 1 of the Agreement shall be modified as follows: The Term of the Agreement shall remain in effect until the Termination Date, which shall be the earlier of (a) December 31, 2010, unless extended by written agreement of the Parties; or (b) ten (10) business days after receipt of notice of termination sent by email or overnight courier.

2. This Extension to Tolling Agreement may be executed in counterparts, each of which shall be determined to be an original for all purposes, but all of which together shall

* * *

collectively constitute one agreement. Facsimile and .pdf signatures shall be valid and effective as original signatures.

3. All other provisions of the Agreement shall remain in full force and effect.

FANNIE MAE

_(signature)_

Name: William Quinn
Title: Senior Vice President

MORTGAGE ASSET SECURITIZATION TRANSACTIONS, INC.

_(signature)_

By: Greg Walker
Title: Managing Director

_(signature)_

By: Christopher Scolaro
Title: Director

UBS REAL ESTATE SECURITIES, INC.

_(signature)_

By: Greg Walker
Title: Managing Director

_(signature)_

By: Christopher Scolaro
Title: Director

UBS SECURITIES LLC

_(signature)_

By: John Moon
Title: Director

_(signature)_

By: Alan J. Brudner
Title: Managing Director

## SECOND EXTENSION TO TOLLING AGREEMENT

Reference is made to the Tolling Agreement (the "Agreement"), dated as of May 20, 2009 (the "Effective Date"), as extended by the Extension to the Tolling Agreement, dated April 26, 2010 ("Extension"), by and between Fannie Mae (f/k/a Federal National Mortgage Association) and Mortgage Asset Securitization Transactions, Inc., UBS Securities LLC and UBS Real Estate Securities Inc. (together, "UBS") (all parties referred to collectively as the "Parties" and singularly as a "Party").

WHEREAS, the Parties have agreed to extend the effective period of the Agreement through a second extension,

THEREFORE, on this 8 day of November 2010, the Parties hereby agree as follows:

1. Paragraph 1 of the Agreement shall be modified as follows: The Term of the Agreement shall remain in effect until the Termination Date, which shall be the earlier of (a) July 31, 2011, unless extended by written agreement of the Parties; or (b) twenty (20) business days after receipt of notice of termination sent by email or overnight courier to:

Fannie Mae:

> Ben Perlman
> Vice President
> Capital Markets Credit Risk
> Fannie Mae
> 4000 Wisconsin Ave., NW
> Washington, DC 20016

With a copy to:

> Timothy Mayopoulos, Esq.
> Executive Vice President, Chief Administrative Officer, General Counsel
> & Corporate Secretary
> Fannie Mae
> 3900 Wisconsin Ave., NW
> Washington, DC 20016

UBS:

> David L. Goldberg, Esq.
> Executive Director
> UBS Investment Bank
> 1285 Avenue of the Americas
> New York, NY 10019

2. This Second Extension to Tolling Agreement may be executed in counterparts, each of which shall be determined to be an original for all purposes, but all of which together

1

shall collectively constitute one agreement. Facsimile and .pdf signatures shall be valid and effective as original signatures.

    3.    All other provisions of the Agreement shall remain in full force and effect.

| FANNIE MAE | MORTGAGE ASSET SECURITIZATION TRANSACTIONS, INC. |
|---|---|

*[signature]*

Name: Ben Perlman
Title: Vice President

*[signature]*

By: Greg Walker
Title: Managing Director

*[signature]*

By: Christopher Scolaro
Title: Director

UBS REAL ESTATE SECURITIES, INC.

*[signature]*

By: Greg Walker
Title: Managing Director

*[signature]*

By: Christopher Scolaro
Title: Director

UBS SECURITIES LLC

_____
By: David L. Goldberg
Title: Executive Director


_____
By: Greg Walker
Title: Managing Director