UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FEDERAL HOUSING FINANCE AGENCY    :
AS CONSERVATOR FOR THE FEDERAL    :
NATIONAL MORTGAGE ASSOCIATION    :      11 CIV 5201 (DLC)
AND THE FEDERAL HOME LOAN    :
MORTGAGE CORPORATION,    :      **ECF Case**
   :
                 Plaintiff,    :      **Electronically Filed**
   :
          v.    :
   :
UBS AMERICAS INC., UBS REAL ESTATE    :
SECURITIES INC., UBS SECURITIES, LLC,    :
MORTGAGE ASSET SECURITIZATION    :
TRANSACTIONS, INC., DAVID MARTIN,    :
PER DYRVIK, HUGH CORCORAN, and    :
PETER SLAGOWITZ,    :
   :
              Defendants.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO CERTIFY AN APPEAL PURSUANT TO 28 U.S.C. § 1292(b) OF CERTAIN PORTIONS OF THIS COURT'S MAY 4, 2012 ORDER DENYING <u>IN PART THE MOTION TO DISMISS THE SECOND AMENDED COMPLAINT</u>

SKADDEN, ARPS, SLATE
   MEAGHER & FLOM LLP
Jay B. Kasner
Scott D. Musoff
Robert A. Fumerton
Alexander C. Drylewski
Four Times Square
New York, New York 10036
Phone:  (212) 735-3000

*Attorneys for Defendants UBS Americas
Inc., UBS Real Estate Securities Inc., UBS
Securities LLC, Mortgage Asset
Securitization Transactions, Inc., David
Martin, Per Dyrvik, Hugh Corcoran and
Peter Slagowitz*

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ............................................................................................1

ARGUMENT ...................................................................................................................5

THE COURT SHOULD CERTIFY AN APPEAL PURSUANT TO 28 U.S.C. § 1292(b)............5

I.    Certification of Whether HERA Applies to Statutes of Repose is Warranted ...................6

    A.    The Issue is a Controlling Question of Law ................................................6

    B.    There is Substantial Ground for Difference of Opinion ..........................9

    C.    An Immediate Determination of This Issue Will Materially Advance the Litigation...............................................................................................12

II.    Certification of Whether HERA Applies to Plaintiff's Federal Claims is Warranted.....................................................................................................15

    A.    The Issue is a Controlling Question of Law ................................................15

    B.    There is Substantial Ground for Difference of Opinion ..........................15

    C.    An Immediate Determination of  This Issue Will Materially Advance the Litigation...............................................................................................17

CONCLUSION................................................................................................................18

## <u>TABLE OF AUTHORITIES</u>

### CASES

*In re Air Crash off Long Island, N.Y. on July 17, 1996,*
    27 F. Supp. 2d 431 (S.D.N.Y. 1998) ................................................................3, 6, 13, 17, 18

*American Pipe & Construction Co. v. Utah,*
    414 U.S. 538 (1974) ........................................................................................................7

*Burlington Northern & Santa Fe Railway v. Poole Chemical Co.,*
    419 F.3d 355 (5th Cir. 2005) ..........................................................................................12

*Citigroup Inc. v. International Fund Management S.A.,*
    No. 12-1194 (2d Cir. May 17, 2012) ............................................................................4, 7

*Consub Delaware LLC v. Schahin Engenharia Limitada,*
    476 F. Supp. 2d 305 (S.D.N.Y. 2007) ...........................................................................14

*Credit Suisse Securities (USA) LLC v. Simmonds,*
    __ S. Ct. __, 2012 WL 986812 (2012) ...........................................................................10

*In re Duplan Corp.,*
    591 F.2d 139 (2d Cir. 1978) .............................................................................................6

*In re Dynex Capital, Inc. Securities Litigation,*
    No. 05 Civ. 1897(HB), 2006 WL 1517580 (S.D.N.Y. June 2, 2006) ...........................7, 13

*Estate of Re v. Kornstein Veisz & Wexler,*
    958 F. Supp. 907 (S.D.N.Y. 1997) ..............................................................................2, 7

*FHFA v. Royal Bank of Scotland Group plc,*
    No. 3:11-01383-AWT (D. Conn.) .....................................................................................8

*Fernandez v. Artuz,*
    175 F. Supp. 2d 682 (S.D.N.Y. 2001) ..............................................................................7

*In re Fosamax Products Liability Litigation,*
    No. 06 MD 1789 (JFK), 2011 WL 2566074 (S.D.N.Y. June 29, 2011) .........................9, 13

*In re Frank Santora Equipment Corp.,*
    213 B.R. 420 (E.D.N.Y. 1997) .........................................................................................7

*German v. Federal Home Loan Mortgage Corp.,*
    No. 93 Civ. 6941(NRB), 2000 WL 1006521 (S.D.N.Y. July 19, 2000) ..........................17

*Herron v. Fannie Mae*,
No. 10-943 (RMC), 2012 WL 1476051 (D.D.C. Apr. 30, 2012)...........................................10

*International Fund Management S.A. v. Citigroup Inc.*,
No. 09 Civ. 8755 (SHS) (S.D.N.Y. Mar. 15, 2012) ...........................................................4, 7

*Keene Corp. v. United States*,
508 U.S. 200 (1993) ......................................................................................................16

*Klinghoffer v. S.N.C. Achille Lauro*,
921 F.2d 21 (2d Cir. 1990) ..................................................................................... *passim*

*LNC Investments, Inc. v. First Fidelity Bank*,
No. 92 Civ. 7584(CSH), 2000 WL 461612 (S.D.N.Y. Apr. 18, 2000).......................... *passim*

*Laurent v. PriceWaterhouseCooper LLP*,
No. 06 CV 2280(GBD), 2007 WL 2363616 (S.D.N.Y. Aug. 17, 2007).................................7

*In re Lloyd's American Trust Fund Litigation*,
No. 96 CIV. 1262 (RWS), 1997 WL 458739 (S.D.N.Y. Aug. 12, 1997) ..............6, 13, 15, 16

*Ma v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
597 F.3d 84 (2d Cir. 2010) ..............................................................................................12

*National Credit Union Administration Board v. RBS Securities, Inc.*,
No. CV 11-5887-GW (C.D. Cal. Dec. 19, 2011) .............................................................9, 11

*Oakland County v. FHFA*,
No. 11-12666, 2012 WL 1658789 (E.D. Mich. May 11, 2012)..............................................3

*Pearson Education, Inc. v. Liu*,
No. 1:08-cv-06152(RJH), 2010 WL 623470 (S.D.N.Y. Feb. 22, 2010) ................................7

*Republic of Colombia v. Diageo North America Inc.*,
619 F. Supp. 2d 7 (E.D.N.Y. 2007)...................................................................................8

*Resolution Trust Corp. v. Olson*,
768 F. Supp. 283 (D. Ariz. 1991) ...............................................................................10, 11

*Romea v. Heiberger & Associates*,
988 F. Supp. 712 (S.D.N.Y. 1997)............................................................................7, 16, 17

*Rosa v. Senkowski*,
No. 97 Civ. 2468(RWS), 1997 WL 724559 (S.D.N.Y. Nov. 19, 1997) ................................13

*Santana Products, Inc. v. Sylvester & Associates, Ltd.*,
121 F. Supp. 2d 729 (E.D.N.Y. 1999) ...................................................................7

*Skylon Corp. v. Guilford Mills, Inc.*,
901 F. Supp. 711 (S.D.N.Y. 1995) ...............................................................5, 15

*South Ferry LP #2 v. Killinger*,
No. C04-1599C (W.D. Wa. Mar. 6, 2006), EFC No. 96 .......................................13

*United States v. Ron Pair Enterprises, Inc.*,
489 U.S. 235 (1989) ...........................................................................................10

*In re WorldCom, Inc. Securities Litigation*,
No. 02 Civ. 3288, 2003 WL 22953644 (S.D.N.Y. Dec. 16, 2003) ....................6, 12

*In re World Trade Center Disaster Site Litigation*,
270 F. Supp. 2d 357 (S.D.N.Y. 2003) ......................................................5, 14, 17

## STATUTES

12 U.S.C. § 4617 .................................................................................................16

12 U.S.C. § 1787(b) ........................................................................................10, 11

12 U.S.C. § 1821(d) ....................................................................................2, 10, 11

28 U.S.C. § 1292(b)........................................................................................ *passim*

Pub. L. No. 102-339, § 3(b), 106 Stat. 869 (Aug. 11, 1992)..................................11

## OTHER AUTHORITIES

Ross Todd, *Agency's Suit Against Bank Proceeds*, New York Law Journal (May 8, 2012) ..........1

Ross Todd, *Quinn Emanuel and FHFA Clear Big Hurdle in Huge MBS Case*,
The American Lawyer (May 4, 2012)) .................................................................1

Defendants UBS Americas Inc., UBS Real Estate Securities Inc., UBS Securities LLC, Mortgage Asset Securitization Transactions, Inc., David Martin, Per Dyrvik, Hugh Corcoran and Peter Slagowitz (collectively, the "Defendants") respectfully submit this memorandum of law in support of their motion for an Order, pursuant to 28 U.S.C. § 1292(b), certifying immediate appeal of the following two issues raised in this Court's Opinion and Order dated May 4, 2012 (the "May 4 Order" or "Order"), denying in part Defendants' motion to dismiss the Second Amended Complaint ("SAC") brought by plaintiff Federal Housing Finance Agency ("FHFA"):  (1) whether the "extender" provision found in Section 12 of the Housing and Economic Recovery Act of 2008 ("HERA") applies to statutes of repose; and (2) whether HERA's extender provision applies to claims brought under federal law.

## <u>PRELIMINARY STATEMENT</u>

This Court's May 4 Order – which FHFA's counsel has publicly described as "historic"[1] – involves controlling issues of law as to which there is a substantial ground for difference of opinion, as directly evidenced by the fact that the only two federal district judges to have addressed these precise issues reached the opposite conclusion and held, contrary to this Court, that extender statutes materially identical to HERA did <u>not</u> apply to statutes of repose. Moreover, an immediate appeal of the May 4 Order will materially advance the ultimate termination of this litigation and 16 related actions involving hundreds of defendants and hundreds of billions of dollars worth of mortgage-backed securities.  It will also significantly impact two recently commenced actions in this District brought on the heels of the May 4 Order by the Federal Deposit Insurance Corporation ("FDIC"), in it role as receiver, in which it has

---

[1] *See* Ross Todd, *Quinn Emanuel and FHFA Clear Big Hurdle in Huge MBS Case*, The American Lawyer (May 4, 2012) (Exhibit A to the Declaration of Jay B. Kasner dated May 23, 2012 ("Kasner Decl.")); Ross Todd, *Agency's Suit Against Bank Proceeds*, New York Law Journal (May 8, 2012) (Kasner Decl. Ex. B).

attempted to invoke the materially identical extender statute found in the Financial Institutions

Reform, Recovery, and Enforcement Act ("FIRREA"), 12 U.S.C. § 1821(d)(14), in order to

plead that its Section 11 claims are not time-barred by the Securities Act's three-year statute of

repose.  (Complaint, *Fed. Deposit Ins. Corp. v. Bear Stearns, et al.*, No. 12-cv-4000 (filed May

18, 2012), at ¶ 103 (Kasner Decl. Ex. C); Complaint, *Fed. Deposit Ins. Corp. v. J.P. Morgan

Securities LLC, et al.*, No. 12-cv-4001 (filed May 18, 2012), at ¶ 94 (Kasner Decl. Ex. D).)  The

Order is the quintessential type of decision that warrants interlocutory appeal, as the Court

decided two purely legal threshold issues which, if the Court of Appeals were to determine

differently, will prevent the expenditure of many tens, if not hundreds, of millions of dollars in

combined legal, expert and professional fees by the parties and the judicial system, including

federal taxpayers who are footing the bill for FHFA's prosecution and resolution of these actions.

    Section 1292(b) authorizes a district court to certify an interlocutory order for

appeal if it meets the following requirements:  (1) the order "involves a controlling question of

law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "an

immediate appeal from the order may materially advance the ultimate termination of the

litigation."  28 U.S.C. § 1292(b); *see also Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 23

(2d Cir. 1990).  With respect to the first prong of Section 1292(b), each of the issues for which

interlocutory appeal is sought is a controlling question of law.  (*Infra* pp. 6, 13.)  Indeed, if the

Court of Appeals were to resolve these purely legal issues in Defendants' favor, Plaintiff's claims

should be dismissed in their entirety.  *See Estate of Re v. Kornstein Veisz & Wexler*, 958 F. Supp.

907, 929 (S.D.N.Y. 1997) (Sotomayor, J.) (certifying question regarding recently-enacted statute

of limitations provision which was "potentially dispositive as to all of plaintiffs' claims" because

if the provision did not apply retroactively, plaintiffs' claims would be time-barred).

As to the second prong of Section 1292(b), a substantial ground for difference of opinion concerning whether HERA applies to statutes of repose is best exemplified by the fact that the two other district courts to have addressed this precise issue (Judge George H. Wu of the United States District Court for the Central District of California and Judge William P. Copple of the United States District Court for the District of Arizona) have concluded that the plain text of materially identical extender statutes precluded their applicability to statutes of repose, despite similar policy considerations to those at issue here.  (*Infra* at p. 10.)  Moreover, the Court's reference to the distinction between statutes of limitations and statutes of repose as "semantic" (Order at 10-11) conflicts with Second Circuit authority and case law from other circuits which holds that such terms are "distinct" and their differences are "not merely semantic."  (*Infra* p. 11.)

There is a substantial ground for difference of opinion regarding whether HERA applies to claims brought under federal law.  (*Infra* p. 14.)  Although the Court's ruling stressed that the policy behind HERA was to give FHFA more time to evaluate and assert claims it may have (Order at 14, 17), an application of HERA to federal law claims would serve to shorten several federal statutes of limitations longer than three years.  (UBS Mem. at 19.)  The May 4 Order expressly acknowledged that the proper interpretation of HERA was made more difficult by the fact that "Congress could have been clearer about HERA's applicability to claims under federal law."  (Order at 17.)  In similar circumstances, other courts have certified immediate appeals of issues regarding statutory interpretation – including the proper interpretation of HERA. *See Oakland Cnty. v. FHFA*, No. 11-12666, 2012 WL 1658789 (E.D. Mich. May 11, 2012) (certifying *inter alia* issue of proper interpretation of HERA with regard to the imposition of transfer taxes); *see also In re Air Crash off Long Is., N.Y. on July 17, 1996*, 27 F. Supp. 2d 431, 433 (S.D.N.Y. 1998)  (certifying appeal of ruling on motion to dismiss that hinged on "the

interpretation of the language of [the statute], the structure of the statute, and its legislative history").

With respect to the third prong of Section 1292(b), appellate review of both of these threshold timeliness issues will indisputably materially advance the termination of at least 17 related actions brought by FHFA – which represent massive litigation that will otherwise consume enormous legal, expert and professional fees and expenses that will be paid by the parties, judicial system and federal taxpayers.  If the Court of Appeals were to disagree with this Court's holdings regarding the application of HERA, Plaintiff's claims should be dismissed in their entirety.  *See infra* pp. 7-8; *Int'l Fund Mgmt. S.A. v. Citigroup Inc.*, No. 09 Civ. 8755(SHS) (S.D.N.Y. Mar. 15, 2012), ECF No. 56 (certification granted as to order denying in part the defendants' motion to dismiss on the ground that plaintiff's Securities Act claims were barred by Section 13's statute of repose), *petition granted*, No. 12-1194 (2d Cir. May 17, 2012).

There can also be no dispute that this is the type of large, complex litigation in which protracted and expensive pretrial litigation will occur.  As the Court has recognized, litigating these related actions will be costly.  (Tr. of May 14, 2012 Conf. (Kasner Decl. Ex. E at 30).)  Indeed, the potential efficiencies gained through immediate resolution of these issues will benefit not only the hundreds of defendants against whom these claims have been brought, but also the U.S. taxpayers, who otherwise may expend tens of millions of dollars only to potentially find out at the end of the case that FHFA's claims are actually barred by the statutes of repose.  Indeed, some in Congress have expressed concern over the litigation costs undertaken by FHFA in pursuing these actions.  (*See* Letter from Congressman Darrell Issa to Edward DeMarco (Sept. 29, 2011) (Kasner Decl. Ex. F).)  Accordingly, immediate appeal will provide the guidance necessary to prevent costly and potentially fruitless litigation.  *See Skylon Corp. v. Guilford Mills,*

*Inc.*, 901 F. Supp. 711, 718 (S.D.N.Y. 1995) (Preska, C.J.) ("If the Court of Appeals finds that I have misconstrued the applicable controlling question of law . . . . the expense of discovery and a trial would be avoided."); *see also In re World Trade Ctr. Disaster Site Litig.*, 270 F. Supp. 2d 357, 381 (S.D.N.Y. 2003) (Hellerstein, J.) ("An immediate appeal . . . will resolve the basic question of jurisdiction and thereby avoid uncertainty as to the binding effect of determinations and potential duplication of proceedings.").

## ARGUMENT

## THE COURT SHOULD CERTIFY AN APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

In the May 4 Order, the Court ruled that Section 12 of HERA extends both statutes of limitations and statutes of repose.  In so doing, the Court rejected the Defendants' distinction between statutes of limitations and statutes of repose and held that "Congress, the courts and learned commentators regularly use the term 'limitations' to encompass both types of timeliness provision."  (Order at 10-11.)  The Court also held that HERA applies to both state and federal law claims, concluding that Section 12 "states in unambiguous terms that it shall apply to '<u>any action</u> brought by the Agency as conservator.'"  (*Id.* at 17 (emphasis in original).)  Based on these two holdings, the Court concluded that Plaintiff's federal and state securities claims – which were brought more than three years after Fannie Mae and Freddie Mac purchased each of the 22 mortgage-backed securities certificates at issue ("Certificates") – were not time-barred by the applicable two-year and three-year statutes of repose found in the Securities Act, Virginia Securities Act and D.C. Securities Act.

Both of these rulings present controlling questions of law about which there exists a substantial ground for disagreement and the resolution of which will materially advance this and related litigation.  While Defendants recognize this Court's view that certification is usually reserved for "exceptional circumstances," *see In re WorldCom, Inc. Sec. Litig.*, No. 02 Civ. 3288,

2003 WL 22953644 (DLC), at *5 (S.D.N.Y. Dec. 16, 2003) (Cote, J.), as demonstrated below, this is an exceptional case that fits squarely within the scope of Section 1292(b).

## I.   CERTIFICATION OF WHETHER HERA APPLIES TO STATUTES OF REPOSE IS WARRANTED

### A.   The Issue is a Controlling Question of Law

A question of law is controlling if "(1) reversal of the district court's opinion could result in dismissal of the action, (2) reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action, or (3) the certified issue has precedential value for a large number of cases." *In re Lloyd's Am. Trust Fund Litig.*, No. 96 CIV. 1262 (RWS), 1997 WL 458739, at *4 (S.D.N.Y. Aug. 12, 1997) (Sweet, J.); *see also In re Duplan Corp.*, 591 F.2d 139, 148 n.11 (2d Cir. 1978) ("[A] . . . determination that may importantly affect the conduct of an action" may be a "controlling question of law."). Certification is especially appropriate where the order involves a "purely legal question about which there are no triable issues of fact." *In re Air Crash,* 27 F. Supp. 2d at 435.

Here, there can be no dispute that Defendants' first question – whether Section 12 of HERA applies to statutes of repose – raises a controlling issue of law.[2] First, a ruling in favor of Defendants on this threshold question would dispose of Plaintiff's claims.[3] *Klinghoffer*, 921 F.2d at 24 ("[I]t is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action."). Courts within the Second Circuit frequently certify questions of whether a particular claim is time-barred. *See, e.g.*, *Fernandez v. Artuz*, 175 F. Supp. 2d 682 (S.D.N.Y. 2001) (Wood, J.) (granting certification where district court held that statute of

---

[2] This issue is purely legal in nature.  There is no factual dispute concerning when the applicable statutes of repose expired absent Congressional action or some form of tolling.  Thus, the Second Circuit may decide this question without making a single factual determination.

[3]  The only claims not affected by this question of law – *i.e.*, Plaintiff's negligent misrepresentation claims – were dismissed by the Court in its May 4 Order.

limitations provisions found in federal statute did not bar plaintiff's claim); *Estate of Re v. Kornstein Veisz & Wexler*, 958 F. Supp. 907, 929 (S.D.N.Y. 1997) (Sotomayor, J.) (certifying question regarding recently-enacted statute of limitations provision that was "potentially dispositive as to all of plaintiffs' claims"); *see also Santana Prods., Inc. v. Sylvester & Assocs., Ltd.*, 121 F. Supp. 2d 729 (E.D.N.Y. 1999) (certifying order where court held that plaintiff's claims were not time-barred under Lanham Act and Sherman Act); *In re Frank Santora Equip. Corp.*, 213 B.R. 420, 425-26 (E.D.N.Y. 1997) (certifying appeal and emphasizing that "[a] valid statute of limitations defense constitutes an issue of law . . . [that] would dispose of all the claims against [defendants]").[4]

  While Plaintiff has asserted that a small minority of its securities claims would still be preserved by a tolling agreement and/or the tolling doctrine enunciated in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974) (*see* FHFA Mem. at 29-31), Defendants established in their motion to dismiss that these alternative theories – which were not addressed in the May 4 Order – do not apply here (*see* UBS Mem. at 20-21; UBS Reply Mem. at 10-11). And even if they did, a question of law need not be dispositive of every single claim to be "controlling." *See Klinghoffer*, 921 F.2d at 24 ("[A]n issue need not necessarily terminate an action in order to be 'controlling' . . . ."). Rather, "'all that must be shown . . . is that resolution of the issue on appeal could *materially affect* the outcome of litigation in the district court.'" *LNC*

---

[4] Courts in this District regularly certify denials of Rule 12(b)(6) motions for interlocutory appeal, recognizing that it is often these threshold issues that should be resolved at the outset to avoid potentially unnecessary protracted litigation and the risk that the Court of Appeals may be denied the opportunity to weigh in. *See, e.g., Romea v. Heiberger & Assocs.*, 988 F. Supp. 715, 717 (S.D.N.Y. 1998) (Kaplan, J.); *Pearson Educ., Inc. v. Liu*, No. 1:08-cv-06152 (RJH), 2010 WL 623470 (S.D.N.Y. Feb. 22, 2010) (Holwell, J.); *Laurent v. PriceWaterhouseCooper LLP*, No. 06 CV 2280 (GBD), 2007 WL 2363616 (S.D.N.Y. Aug. 17, 2007) (Daniels, J.); *In re Dynex Capital, Inc. Sec. Litig.*, No. 05 Civ. 1897 (HB), 2006 WL 1517580 (S.D.N.Y. June 2, 2006) (Baer, J.). In fact, as discussed above (*supra* p. 4), Judge Stein recently certified an order denying in part the defendants' motion to dismiss pursuant to 12(b)(6) on the ground that plaintiff's Securities Act claims were barred by Section 13's statute of repose. *Int'l Fund Mgmt S.A. v. Citigroup Inc.*, 09 Civ. 8755(SHS) (S.D.N.Y. March 15, 2012), *petition granted*, No. 12-1194 (2d Cir. May 17, 2012).

*Invs., Inc. v. First Fid. Bank*, No. 92 Civ. 7584 (CSH), 2000 WL 461612, at *3 (S.D.N.Y. Apr.

18, 2000) (Haight, J.) (citation omitted) (emphasis in original).  Here, Plaintiff's alternative

tolling theories – even if credited – would not apply to claims stemming from 14 of the 22

Certificates (or <u>any</u> of the claims brought by Freddie Mac).  Thus, under any conceivable

scenario, a ruling for Defendants would result in this case being dramatically narrowed.  *See Rep.*

*of Colombia v. Diageo N. Am. Inc.*, 619 F. Supp. 2d 7, 11 (E.D.N.Y. 2007) ("If Defendants were

to prevail on even one of these defenses, the action would be dismissed in whole or in part, thus

eliminating or significantly reducing the costs of discovery.").

       Finally, a ruling on the applicability of HERA to statutes of repose could also

have a dispositive impact on at least the 17 related actions that were brought by Plaintiff in this

Court, the District of Connecticut and the Central District of California.  (*See* May 4 Order at 2

n.1 (listing actions pending in this Court).)  As in this case, the timeliness of each related action

will turn in large part on whether Section 12 of HERA reaches statutes of repose.  Therefore,

certifying an immediate appeal of this issue would have far-reaching precedential impact if it

were decided in Defendants' favor – one that extends well beyond this specific case.[5]  *See*

*Klinghoffer*, 921 F.2d at 24 (court may consider "system-wide costs and benefits of allowing the

appeal").  In addition, whether the statutory language at issue here applies to statutes of repose is

a question that will continue to be litigated in this District for the foreseeable future.  Just

recently, the FDIC filed two complaints alleging violations of Section 11 of the Securities Act

for purported misstatements and omissions in the registration statements of mortgage-backed

---

[5]  A Second Circuit ruling here would prevent the possibility of inconsistent rulings on this issue within this Circuit.
As this Court is aware, FHFA filed a materially identical lawsuit against the Royal Bank of Scotland and other
defendants in the United States District Court for the District of Connecticut.   The arguments advanced in the RBS
defendants' motion to dismiss were substantially similar to those made before this Court.  Judge Thompson will take
the motion to dismiss under consideration when briefing is completed in June.  *FHFA* v. *Royal Bank of Scotland*
*Group plc*, No. 3:11-01383-AWT (D. Conn.).

securities.  (Exs. B &C.)  In both complaints, the FDIC invoked the extender statute of FIRREA – which is materially identical to the language in HERA at issue here (UBS Mem. at 15) – to plead that its claims are timely, notwithstanding the Securities Act's three-year statute of repose. (Ex. C at ¶ 103; Ex. D at ¶ 94.)  Accordingly, an immediate appeal of this issue will control other pending litigation in this District as well and further the efficient resolution of those cases.

### B.    There is Substantial Ground for Difference of Opinion

Second, there is a "substantial ground for difference of opinion" regarding this controlling question of law.  Courts routinely find that such grounds exist where the relevant issue is a matter of first impression or "the authority on a point of law is in conflict."  *In re Fosamax Prods. Liab. Litig.*, No. 06 MD 1789 (JFK), 2011 WL 2566074, at *5 (S.D.N.Y. June 29, 2011) (Keenan, J.) (citing *In re Prudential Lines, Inc.*, No. 93 Civ. 1481 (CSH), 1995 WL 79575, at *1 (S.D.N.Y. Feb. 22, 1995) (Haight, J.)); *Klinghoffer*, 921 F.2d at 25.

Here, the Court's ruling stands in stark contrast to the only two decisions to decide this issue, both of which concluded that materially identical extender statutes unambiguously did not apply to statutes of repose.  First, in a tentative decision in *National Credit Union Administration Board v. RBS Securities, Inc.*, No. CV 11-5887-GW (C.D. Cal. Dec. 19, 2011), Judge George H. Wu interpreted the very same statutory language in addressing an extender statute contained in the Federal Credit Union Act, 12 U.S.C. § 1787(b)(14)(B)(i), for certain claims brought by a conservator.[6]  The court later issued a second ruling (Jan. 30, 2012, ECF No. 126) that expressly rejected plaintiff's argument that "the statute of limitations/statute of repose distinction [is] no distinction at all."  *Id.* at 2.  The court stressed that "courts . . . have repeatedly

---

[6]  The statutory language of the Federal Credit Union Act's extender statute is materially identical to that found in FIRREA and at issue here and is titled:  "Statute of limitations for actions brought by conservator or liquidating agent."  12 U.S.C. § 1787(b)(14)(A), (B) (emphasis added).

distinguished the two over the past 70-plus years," *id.*, and refused to construe the statute to

extend Section 13's statute of repose, in direct conflict with the May 4 Order.  Similarly, in

*Resolution Trust Corp. v. Olson*, 768 F. Supp. 283 (D. Ariz. 1991), Judge William P. Copple

interpreted a materially identical provision of FIRREA, 12 U.S.C. § 1821(d)(14), and held that

the exact same language at issue here unambiguously refers only to statutes of limitations and

thus cannot be read to apply to statutes of repose.  *Id.* at 285 (FIRREA did not modify

"substantive statutes of repose").[7]

As the Supreme Court has recently reaffirmed, where a statute's text is

unambiguous, a court need look no further.  *See Credit Suisse Securities (USA) LLC v. Simmonds*,

__ S. Ct. __, 2012 WL 986812, at *3 (2012) (Court looked only to the text of  Section 16(a) of

the Exchange Act and concluded that "Congress could have very easily provided that 'no such

suit shall be brought more than two years after the filing of a statement under subsection

(a)(2)(C).'  But it did not.  The text of § 16 simply does not support [such a] rule."); *see also*

*United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989) (where statutory language is

unambiguous, the court's "'sole function . . . is to enforce it according to its terms'") (internal

quotation omitted).  Judges Wu and Copple found no ambiguity in the materially identical

language at issue in *National Credit Union* and *Resolution Trust*, and thus did not look past the

statutory language to the "context" of those statutes.  While this Court reached a different

conclusion and found ambiguity within the identical language in HERA, it cannot be fairly

---

[7]  Moreover, while Plaintiff argued in its Opposition that "statutes of limitation sought to be applied to bar rights of the Government must receive a strict construction in favor of the Government" (Opp. Br. at 16-17), Judge Collyer of the United States District Court for the District of Columbia recently held, at FHFA's urging, that "FHFA as conservator of Fannie Mae is <u>not</u> a government actor," but rather "assumes the private status of the entity."  *Herron v. Fannie Mae*, No. 10-943 (RMC), 2012 WL 1476051, at *8 (D.D.C. Apr. 30, 2012) (emphasis added).

denied – in the face of the rulings by Judges Wu and Copple – that there is a substantial ground for difference of opinion on this threshold issue.

Moreover, while this Court stated that the policy behind HERA is to "preserve and conserve" the assets of the GSEs and to take actions necessary to put them in a "sound and solvent condition" (Order at 14), these are exactly the same policies underlying the materially identical extender statutes at issue in *National Credit Union* and *Resolution Trust* concerning federal credit unions and insured depository institutions, respectively.  Indeed, both of these statutes use this identical language to describe their purpose.  12 U.S.C. § 1787(b)(2)(B), (D) (purpose of Federal Credit Union Act is to "preserve and conserve" assets necessary to put federal credit union in "sound and solvent condition"); 12 U.S.C. § 1821(d)(2)(B), (D) (purpose of FIRREA is to "preserve and conserve" assets necessary to put insured depository institution in "sound and solvent condition").  Despite these similar policy considerations, both Judge Wu and Judge Copple concluded that the extender statutes unambiguously referred to statutes of <u>limitations</u>, not statutes of repose.

Finally, while this Court concluded that "Congress . . . regularly use[s] the term 'limitations' to encompass both types of timeliness provisions" (Order at 11), it is undisputed that Congress has enacted analogous laws expressly suspending "period[s] of limitation <u>or repose</u>," Pub. L. No. 102-339, § 3(b), 106 Stat. 869 (Aug. 11, 1992) (emphasis added), and has explicitly distinguished between "statutes of limitations" and "statutes of repose" – including for tolling purposes – in more than a dozen proposed bills.  (UBS Reply Mem. at 4-5 & n.5.)  Congress' repeated use of the phrase "statute of repose" provides clear support for the proposition that Congress recognizes a distinction between "repose" and "limitations," and at the very least

establishes "a substantial ground for difference of opinion" as to whether Congress was capable of distinguishing between the two.

Although the Court referred to Defendants' proposed distinction between statutes of limitations and statutes of repose as "semantic" (Order at 10-11), Defendants respectfully submit there is a substantial ground for difference of opinion as to whether this holding conflicts with Second Circuit authority and other case law which holds that such differences are significant and not semantic.  *See, e.g.*, *Ma v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 597 F.3d 84, 88 n.4 (2d Cir. 2010) ("Statutes of repose and statutes of limitations are often confused, though they are distinct."); *Burlington N. & Santa Fe Ry. v. Poole Chem. Co.*, 419 F.3d 355, 362 (5th Cir. 2005) ("[T]he differences between statutes of limitations and statutes of repose are substantive, not merely semantic." (emphasis added)).

The conclusions of the other federal courts present the precise type of conflict that Section 1292(b) is meant to address.  Despite this clear conflict, the Second Circuit has not yet had an opportunity to address this issue or the statutory language – a fact that weighs heavily in favor of certification.  *See In re WorldCom*, 2003 WL 22953644, at *5 (certifying appeal and emphasizing that the issue "is one of first impression, since no Circuit Court of Appeals has directly examined" it); *see also Klinghoffer*, 921 F.2d at 25 (certification appropriate where issue is one of first impression).

## C.   An Immediate Determination of This Issue Will Materially Advance the Litigation

Finally, appellate review of the threshold legal issue of whether Plaintiff's remaining claims are barred by the applicable statutes of repose will "materially advance the ultimate termination of" both this litigation and the numerous other related actions and newly-filed FDIC actions.  28 U.S.C. § 1292(b).  A court may find material advancement "'if that

appeal promises to advance the time for trial or shorten the time required for trial.'" *Fosamax*, 2011 WL 2566074, at *5 (citations omitted).  Where "substantial resources may be expended in vain both by the parties and [the] Court if [the Court's] initial conclusion proves incorrect," *In re Dynex Capital, Inc. Sec. Litig.*, No. 05 Civ. 1897 (HB), 2006 WL 1517580, at *3 (S.D.N.Y. June 2, 2006) (Baer, J.), "early appellate review 'might avoid protracted and expensive litigation,'" *Lloyd's*, 1997 WL 458739, at *3 (citation omitted).  Thus, the material advancement prong of Section 1292(b) involves questions of efficiency.  *Rosa v. Senkowski*, No. 97 Civ. 2468 (RWS), 1997 WL 724559, at *3 (S.D.N.Y. Nov. 19, 1997) (Sweet, J.) ("The institutional efficiency of the federal court system is among the chief concerns motivating Section 1292(b)."); *accord Lloyd's*, 1997 WL 458739, at *4.  Significantly, "[t]he district court's efficiency concerns are greatest in large, complex cases," where interlocutory appeals "may be more freely granted." *Lloyd's*, 1997 WL 458739, at *4; *see also Fosamax*, 2011 WL 2566074, at *9; *In re Air Crash*, 27 F. Supp. 2d at 435; *South Ferry LP #2 v. Killinger*, No. C04-1599C, slip op. at 5 (W.D. Wa. Mar. 6, 2006), ECF No. 96 ("[T]his is certainly the type of large, complex litigation in which protracted and expensive pretrial litigation will take place.  Regardless of the result, certifying an appeal sooner rather than later will provide certainty to all parties going forward.").

Here, an appellate determination of whether Section 12 of HERA applies to statutes of repose may have an immediate and significant impact on this litigation and at least 16 related actions.  First, as discussed above, if the statute of repose issue were to be resolved in Defendants' favor, that should result in the dismissal of this action.  (*Supra* pp. 6-7.)  Thus, under such circumstances, an immediate appeal would "materially advance" this case in the most direct way possible – by ending or substantially streamlining it.  *See Consub Delaware LLC v. Schahin Engenharia Limitada*, 476 F. Supp. 2d 305, 313-14 (S.D.N.Y. 2007) (Scheindlin, J.) ("[A]n

immediate appeal here would advance the ultimate termination of the litigation because if [defendant] prevails on appeal, . . . [it] will result in the termination of this litigation.").  As noted above, appellate review would likely have a similar – and equally dispositive impact – on 16 other related actions and potentially two newly-filed actions by the FDIC involving a materially identical question of statutory interpretation.  (*Supra* 1-2.)

Equally important, having the Second Circuit decide this legal issue now (rather than later) might allow the parties and this Court to avoid costly discovery proceedings and possibly numerous full-blown trials.  *In re World Trade Center*, 270 F. Supp. 2d at 381 ("An immediate appeal . . . will resolve the basic question of jurisdiction and thereby avoid uncertainty as to the binding effect of determinations and potential duplication of proceedings.").  Indeed, as the Court recognized at a conference on May 14, 2012, the related actions collectively involve hundreds of defendants and mortgage-backed securitizations backed by thousands of mortgage loans totaling hundreds of billions of dollars in original principal value, and will involve costly proceedings.  (Ex. E at 30, 37.)  Not only would the hundreds of defendants across all of the related actions benefit from an immediate appellate ruling on this controlling threshold issue of law, but so too would the Plaintiff.  The Congressional Committee on Oversight and Government Reform has expressed concern over the litigation costs incurred by FHFA in pursuing these actions.  (Ex. F.)  Given the purely legal and threshold nature of the statute of repose issue – and the sheer size and complexity of this litigation and the related actions – it is hard to imagine a situation more appropriate for immediate appeal.  *See LNC Invs., Inc.*, 2000 WL 461612, at *4 (granting certification while emphasizing that "[t]here is a great deal of money at stake in this case," and "[i]f the parties are subjected to a full plenary trial and on appeal the Second Circuit concludes that I decided that question incorrectly, then there will have to be a third trial"); *Skylon*

*Corp. v. Guilford Mills, Inc.*, 901 F. Supp. 711, 718 (S.D.N.Y. 1995) (Preska, C.J.) ("If the Court of Appeals finds that I have misconstrued the applicable controlling question of law . . . . <u>the expense of discovery and a trial</u> would be avoided." (emphasis added)).

## II.   CERTIFICATION OF WHETHER HERA <u>APPLIES TO PLAINTIFF'S FEDERAL CLAIMS IS WARRANTED</u>

### A.   <u>The Issue is a Controlling Question of Law</u>

Similarly, the issue of whether Section 12 of HERA applies to federal law claims is a controlling question of law.  Indeed, like the statute of repose issue discussed above (*supra* p. 6), this issue involves a pure legal question of statutory interpretation and, if the Second Circuit were to determine that HERA does not apply to claims brought under federal law, all of Plaintiff's Securities Act claims would be time-barred by the applicable statutes of repose.  An issue may be deemed controlling if reversal of the district court's opinion, even though not resulting in dismissal of the entire case, "could significantly affect the conduct of the action." *Lloyd's*, 1997 WL 458739, at *4; *see also Klinghoffer*, 921 F.2d. at 24 ("[T]he resolution of an issue need not *necessarily* terminate an action in order to be 'controlling' . . . ." (emphasis added)); *LNC Investments*, 2000 WL 461612, at *3 ("'Controlling' does not mean 'dispositive.'"). Moreover, appellate resolution of this issue would have "precedential value for a large number of cases," *Lloyd's*, 1997 WL 458739, at *4, as Plaintiff has asserted materially identical federal Securities Act claims in all 17 of the related actions, as has the FDIC in two recent lawsuits invoking FIRREA's materially identical extender statute.  (*Supra* pp. 1-2.)

### B.   <u>There is Substantial Ground for Difference of Opinion</u>

Second, there exists a "substantial ground for difference of opinion" based on Second Circuit authority holding that "where Congress includes particular language in one section of a statute but omits it in another . . . it is generally presumed that Congress acts

intentionally and purposely in the disparate inclusion or exclusion."  *Keene Corp. v. United States*, 508 U.S. 200, 208 (1993).  Here, notwithstanding that other provisions of HERA explicitly reference "Federal or State law," Section 12 makes no reference whatsoever to "Federal law."  (UBS Mem. at 18 & n.25.)[8]

Moreover, while the Court's ruling stressed that the policy behind HERA was to give FHFA more time to evaluate and assert claims it may have (Order at 14, 17), there is nothing in the statute's legislative history to suggest that when Congress passed HERA, it was intending to extend the time in which Fannie Mae and Freddie Mac could pursue federal securities law claims.  To the contrary, the statute's express reference to state tort and contract claims suggests that Congress was considering Fannie Mae's and Freddie Mac's ability to bring state law proceedings relating to their mortgage businesses.  In fact, the Court's application of HERA to federal law claims would actually serve to <u>shorten</u> several federal statutes of limitations longer than three years, including those found in the Racketeer Influenced and Corrupt Organizations Act, the Sherman Act and the Clayton Act – which directly contravenes the Court's interpretation of the policy behind HERA.  (Order at 14); (UBS Mem. at 19.)  As the May 4 Order expressly acknowledged, "Congress <u>could have been clearer</u> about HERA's applicability to claims under federal law."  (Order at 17 (emphasis added)); *see Romea v. Heiberger & Assocs.*, 988 F. Supp. 712, 717 (S.D.N.Y. 1997) (Kaplan, J.) (certifying order where "statutory language" of controlling statute could lead to differing interpretations).  Accordingly, there exists substantial ground for difference of opinion regarding the proper interpretation of Section 12 of HERA, which arguably on its face applies only to state law claims.

---

[8]  For example, another section of HERA states that "[t]he transfer of any assets or liabilities of a regulated entity in default or in danger of default to a limited-life regulated entity shall be effective without any further approval under <u>Federal or State law</u> . . . ."  12 U.S.C. § 4617(i)(7)(A)(iii); *see also* 12 U.S.C. § 4617(a)(3)(B).

*See In re Air Crash*, 27 F. Supp. 2d at 433-35 (certifying appeal where district court opinion hinged on "the interpretation of the language of [the statute], the structure of the statute, and its legislative history"); *see also In re World Trade Center*, 270 F. Supp. 2d at 368-9 (certifying appeal where decision rested on review of statute's language, structure, and legislative history).

   C.   **An Immediate Determination of**
        **This Issue Will Materially Advance the Litigation**

          For the same reasons discussed above (*supra* p. 11), an appellate review of this controlling issue of law will materially advance the termination of this action, the 16 related actions and the two recent FDIC actions, and potentially save enormous time and resources because an immediate decision by the Second Circuit could eliminate all of Plaintiff's federal Securities Act claims. *See German v. Fed. Home Loan Mortg. Corp.*, No. 93 Civ. 6941 (NRB), 2000 WL 1006521, at *1 (S.D.N.Y. July 19, 2000) (Buchwald, J.) (certification granted where appeal would "effectively end plaintiffs' federal claims"). Accordingly, certification of this pure legal issue will serve to prevent the unnecessary waste of resources and guard against the potential for duplication of proceedings. *LNC*, 2000 WL 461612, at *4; *In re World Trade Center*, 270 F. Supp. 2d at 381.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court certify

an immediate appeal of the two legal issues discussed above pursuant to 28 U.S.C. § 1292(b).

Dated:   New York, New York
         May 23, 2012

                                   Respectfully submitted,

                                    /s/ Jay B. Kasner
                                   Jay B. Kasner (jay.kasner@skadden.com)
                                   Scott D. Musoff (scott.musoff@skadden.com)
                                   Robert A. Fumerton (robert.fumerton@skadden.com)
                                   Alexander C. Drylewski (adrylews@skadden.com)
                                   SKADDEN, ARPS, SLATE
                                     MEAGHER & FLOM LLP
                                   Four Times Square
                                   New York, New York 10036
                                   Phone:  (212) 735-3000

                                   *Attorneys for Defendants*