SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
(212) 735-2628
DIRECT FAX
(917) 777-2628
EMAIL ADDRESS
JAY.KASNER@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

August 17, 2012

**BY EMAIL**
Hon. Denise L. Cote
United States District Judge
500 Pearl Street, Room 1610
New York, New York 10007-1312

RE:     *FHFA v. UBS Americas Inc.*, 11-cv-5201 (DLC)

Dear Judge Cote:

On behalf of defendants in the above-referenced action (the "UBS Defendants"),[1] we write to request that the Court stay all proceedings in this litigation and the coordinated actions, except for the briefing on any pending motions to dismiss, until resolution of Defendants' expedited appeal. In light of the fact that the Second Circuit has granted an expedited appeal and thereby expressed its intention to adjudicate it quickly, Defendants respectfully submit that a relatively brief stay in the interim would be appropriate. The UBS Defendants' appellate brief will be filed on September 19 and oral argument may be heard as early as November 26, just over 3 months from today. In the event the Court declines to order a complete stay of proceedings, we request a partial stay as detailed more fully below.

The decision whether to stay proceedings pending interlocutory appeal requires consideration of the following factors: (1) irreparable injury absent a stay; (2) injury to the non-appellant or public interest if the stay is granted; and (3) the possibility of success on appeal. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Thapa v. Gonzalez*, 460 F.3d 323, 334 (2d Cir. 2006). Here, a stay pending expedited appeal is warranted for at least the following reasons:

First, the UBS Defendants face irreparable harm absent a stay. As this Court has recognized, discovery in this enormous litigation "is going to be costly no matter what." (Tr. of May 14 Conf. at 30.) The parties stand to expend tens – if not hundreds – of millions of dollars in combined legal, expert and professional fees while the appeal is pending. Much of that expense will be frontloaded, as discovery is proceeding on a compressed timetable which includes the substantial completion of document exchange by September 30, 2012; Defendants' response to the identification of alleged defects on a loan-by-loan basis; and depositions beginning in January 2013. Combined, discovery in these actions will likely include more than 650 document custodians; more than 350 third-party subpoenas; numerous third-party depositions; complex and expensive "forensic re-

---

[1] Defendants in all coordinated actions have advised us that they join in this request. The parties have met and conferred and Plaintiff does not consent to this request. In the event that Plaintiff seeks an opportunity to respond to this letter, we request that the Court direct Plaintiff to do so by August 27 so that we can address the issue at the August 30 conference, if necessary.

Hon. Denise L. Cote
August 17, 2012
Page 2

underwriting" of thousands of mortgage loans; and the production and review of tens of millions of pages of documents. These are costs and burdens that will be incurred in vain if the Court of Appeals were to rule in the UBS Defendants' favor.[2]

Indeed, as this Court stated in its June 19 certification order, a ruling by the Court of Appeals in favor of Defendants would "significantly narrow the scope of discovery in this case and the proof that the parties would be able to present at trial." (Certification Order at 7). Accordingly, resolution of the interlocutory appeal would create "efficiencies" for the parties, "remove a cloud of legal uncertainty" in all of the coordinated actions, and "facilitate and streamline" the proceedings, which would ultimately "save[] the parties and the public time and money." (*Id.* at 7-8); *see Sutherland v. Ernst & Young LLP*, 2012 WL 751970, at *4 (S.D.N.Y. Mar. 6, 2012) (granting stay where appealed issue "may be dispositive of this case").

Second, FHFA will not be prejudiced by the granting of a stay pending expedited appeal. After having waited as long as six years from the purchase of the MBS that are the subject of this litigation to commence these actions, FHFA cannot seriously contend that it will be prejudiced by having discovery suspended for a period of months while the expedited appeal is pending. To the contrary, FHFA and the taxpayers funding this litigation (along with numerous third parties) may ultimately benefit from a stay of proceedings as they too face enormous discovery-related costs which, as the Court has recognized, may be obviated by an appellate ruling on dispositive threshold issues.[3]

Finally, a stay is appropriate because the expedited appeal presents a "sufficient possibility of success" on the merits. Where, as here, an appeal "presents an issue of first impression" for this Circuit on which the "Court of Appeals may disagree" with this Court's ruling, "that reason alone" demonstrates a possibility of success. *Jock v. Sterling Jewelers, Inc.*, 738 F. Supp. 2d 445, 446 (S.D.N.Y. 2010). Given the irreparable harm Defendants will suffer in the absence of a stay – coupled with the lack of prejudice to FHFA or the public if a stay is granted – the "necessary level or degree of possibility of success" is significantly lessened. *Thapa*, 460 F.3d at 334-35. The decisions by Judge Wu and Judge Copple, standing alone, "suggest[] that there may be grounds" for judicial disagreement on the appealed issues (Certification Order at 14), and thus these issues present – at the very least – a "possibility" of succeeding before the Court of Appeals.

To the extent the Court is not inclined to stay all proceedings, the UBS Defendants propose in the alternative the following options: (1) loan file production shall continue but all other discovery is stayed while the appeal is pending; or (2) the parties continue harvesting and collecting documents and running agreed-upon search terms (and otherwise taking all technical steps to prepare the documents for review) so that document review and production may proceed expeditiously if necessary after the Court of Appeals has ruled.

---

[2] *See Brenntag Int'l Chems., Inc. v. Bank of India*, 175 F.3d 245, 249-50 (2d Cir. 1999) ("irreparable harm" occurs "where, but for the grant of equitable relief, there is a substantial chance that upon final resolution of the action the parties cannot be returned to the positions they previously occupied").

[3] A stay will also serve the public interest because it will prevent the unnecessary use of judicial resources. *Sutherland*, 2012 WL 751970, at *4.

Hon. Denise L. Cote
August 17, 2012
Page 3

Respectfully submitted,

Jay B. Kasner

cc: All counsel (by email)