August 20, 2012

**VIA ELECTRONIC MAIL**

The Honorable Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY  10007-1312

Re:     *FHFA v. UBS Americas, Inc.*, No. 11 Civ. 05201 (DLC)

Dear Judge Cote:

We write on behalf of the Federal Housing Finance Agency ("FHFA") in response to UBS's August 17, 2012 submission, joined by all Defendants, requesting that "all proceedings" be stayed in the 16 FHFA actions before this Court until after decision by the Second Circuit on the pending interlocutory appeal of this Court's denial of the UBS Motion to Dismiss.  The application should be denied.

Defendants' application is an attempt to undermine the Court's substantial efforts at managing these cases towards trial, and confirms – over their repeated denials – that Defendants' strategy in this litigation is one of delay.[1]  A stay is "not a matter of right," and, though Defendants ignore the point, it is their burden to demonstrate that such relief is warranted. *Nken v. Holder*, 556 U.S. 418, 427, 433-34 (2009).  The evaluation of a stay request, moreover, is "an exercise of judicial discretion … dependent upon the circumstances of the particular case." *Id.* at 433 (citations omitted); 28 U.S.C. § 1292(b).

The "circumstances of th[is] particular case" fail to justify a stay.  The Court granted Defendants' certification application to make progress towards expediting the cases and resolving the litigation, not because it doubted its decision denying the motion to dismiss. 6/13/12 Tr. at 29:7-30:12.  Yet Defendants are seeking to use certification for exactly the opposite purpose:  to delay trial and avoid the discovery schedule the Court has set and carefully managed for months.  Every relevant factor weighs against Defendants' application.

**There Is No Strong Likelihood That Defendants Will Succeed On Appeal**:
Defendants claim they are entitled to a stay because they have a "possibility of success" on appeal.  That is not the standard:  in the very case Defendants rely upon, the Supreme Court was clear that a stay requires a "strong showing" by Defendants that they are "likely to succeed" – mere "possibility" is not enough. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Nken*, 556 U.S. at 434.  Defendants misstate the applicable standard for the obvious reason that *the Court has already concluded that they cannot make the required showing*.  In its order granting

---

[1]   Defendants have been adamant in repeated Court conferences that they are moving swiftly in discovery and have no desire to delay the proceedings.  The Court has responded with skepticism.  7/31/12 Tr. 50:19-51:3 (in response to assertion by UBS counsel that FHFA is seeking to "run the clock on discovery," the Court observed, "if I was going to be pointing fingers in that direction, I wouldn't be pointing my fingers at [FHFA].").  The present application leaves little doubt that the Court's disbelief has been well-founded.

certification for appeal, the Court found Defendants' arguments under HERA "weak" and "untenable," June 19, 2012 slip op. at 13-14, a conclusion amply supported by dozens of authorities detailed by the Court in its earlier decision denying UBS's motion to dismiss. *See FHFA v. UBS Americas, Inc.*, 2012 WL 1570856, at *5, *29 (S.D.N.Y. May 4, 2012).

**Defendants Cannot Demonstrate Irreparable Injury**:  Defendants' sole basis for arguing that they will sustain irreparable harm absent a stay is the litigation expense they will incur pending the Second Circuit's review.  But "courts have routinely followed the Supreme Court's holding in *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974), that 'mere litigation expense, even substantial and unrecoupable costs, does not constitute irreparable injury.'"  *Bruce v. Martin*, 680 F. Supp. 616, 620-21 (S.D.N.Y. 1988).  No Defendant claims (or could plausibly claim) that those expenses "threaten[] the[ir] very existence."  *Malarkey v. Texaco, Inc.*, 794 F. Supp. 1248, 1250 (S.D.N.Y. 1992).  In short, there is no irreparable harm, and the absence of this "critical" factor is dispositive.  *Nken*, 556 U.S. at 434.

The manner in which Defendants have pursued a stay further undercuts any claim of irreparable injury.  If Defendants truly feared that "frontloaded" discovery costs would impose irreparable harm, they would have sought to avoid those costs by seeking a stay in their initial certification application.  They did not.  Moreover, while they now profess a concern with preserving the resources of the parties and the Court, Defendants have participated fully in repeated conferences, at which the Court devoted considerable effort to overseeing discovery, without ever suggesting that the Court would be better spared those efforts until after a final determination on certification and appeal.  Defendants' delay in seeking a stay, and their participation in discovery, further belies any claim of irreparable harm.

**The Remaining Factors Weigh Strongly Against a Stay**:  Defendants insist their proposed stay would serve the public interest insofar as FHFA, and therefore U.S. taxpayers, would be spared discovery costs if Defendants prevail on appeal.  It is much more in the public's interest, however, that FHFA continue its litigation to recover the massive damages Defendants imposed on the GSEs, and, ultimately, the very taxpayers whose interests Defendants now claim to promote.  FHFA has been tasked by Congress with the critical mission of restoring the GSEs to financial health, 12 U.S.C. § 4617(b)(2)(D), (b)(2)(B)(ii)), and the only thing a stay would accomplish here would be to prejudice FHFA in its efforts to fulfill its public duties.[2]

Finally, Defendants' application, in addition to its many other defects, seeks relief the Court has already denied.  Several Defendants who join in the current stay application previously sought a discovery stay after the Court denied UBS's Motion to Dismiss.  The Court rejected those applications and set a comprehensive schedule to move these cases towards trial.  5/14/12 Tr. at 11:19-12:22.  Defendants should not be permitted to use the appeal certification as an excuse to revisit that ruling, or to create the very delay the Court has acted to avoid.

---

[2]  On the same day Defendants submitted their application here, Chief Judge Thompson in the District of Connecticut granted FHFA's motion to commence discovery in an action against RBS.  In addition to holding that FHFA is not subject to the automatic stay provision of the PSLRA, the Court denied RBS's request for a discovery stay under Rule 26(c), partly because such a stay would result in "unfair prejudice" to FHFA.  *FHFA v. RBS Grp. PLC*, No. 3:11-cv-01383, slip op. at 11-12 (D. Conn. Aug. 17, 2012).  Thus, when Defendants insist that FHFA "cannot seriously" claim prejudice, they are contradicting Judge Thompson's holding just last week.

Respectfully submitted,

\_\_/s/ Philippe Z. Selendy_____
Philippe Z. Selendy
(philippeselendy@quinnemanuel.com)
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

*Attorneys for Plaintiff Federal Housing Finance Agency in FHFA v. UBS Americas, Inc., FHFA v. JPMorgan Chase & Co., FHFA v. Deutsche Bank AG, FHFA v. Citigroup Inc., and FHFA v. Goldman, Sachs & Co.*

\_\_\_\_\_/s/ Michael Hanin_____
Marc E. Kasowitz (mkasowitz@kasowitz.com )
Hector Torres (htorres@kasowitz.com)
Christopher P. Johnson
(cjohnson@kasowitz.com)
Michael Hanin (mhanin@kasowitz.com)
Kanchana Wangkeo Leung
(kleung@kasowitz.com)
KASOWITZ, BENSON, TORRES &
    FRIEDMAN LLP
1633 Broadway
New York, New York 10019

*Attorneys for Plaintiff Federal Housing Finance Agency in FHFA v. Ally Financial Inc., FHFA v. General Electric Company, FHFA v. Morgan Stanley, and FHFA v. SG Americas, Inc.*

\_\_/s/ Christine H. Chung_____
Christine H. Chung
(christinechung@quinnemanuel.com)
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorneys for Plaintiff Federal Housing Finance Agency in FHFA v. First Horizon National Corp., FHFA v. Bank of America Corp., and FHFA v. Credit Suisse Holdings (USA), Inc.*

\_\_\_\_\_/s/ Manisha M. Sheth_____
Manisha M. Sheth
(manishasheth@quinnemanuel.com)
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorneys for Plaintiff Federal Housing Finance Agency in FHFA v. UBS Americas, Inc., FHFA v. JPMorgan Chase & Co., FHFA v. Barclays Bank PLC, FHFA v. Citigroup Inc., and FHFA v. Merrill Lynch & Co., Inc.*

\_\_/s/ Adam M. Abensohn_____
Richard A. Schirtzer
(richardschirtzer@quinnemanuel.com)
Adam M. Abensohn
(adamabensohn@quinnemanuel.com)
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorneys for Plaintiff Federal Housing Finance Agency in FHFA v. HSBC North America Holdings, Inc. and FHFA v. Nomura Holding America, Inc.*

cc:     All Counsel of Record (via email)