October 18, 2012

**VIA ELECTRONIC MAIL**
The Honorable Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

| Per DLC Chambers, docket in: | |
|---|---|
| 11-cv-5201 | 11-cv-6188 |
| 11-cv-6189 | 11-cv-6190 |
| 11-cv-6192 | 11-cv-6193 |
| 11-cv-6195 | 11-cv-6196 |
| 11-cv-6198 | 11-cv-6200 |
| 11-cv-6201 | 11-cv-6202 |
| 11-cv-6203 | 11-cv-6739 |
| 11-cv-7010 | 11-cv-7048 |

Re:   <u>FHFA Actions</u>

Dear Judge Cote:

We write on behalf of Plaintiff Federal Housing Finance Agency ("FHFA") in accordance with the Court's directive at the conference held on Monday, October 15, 2012, to submit this report regarding the meet-and-confer sessions held this week in the FHFA Actions.

This report addresses the status of the parties' discussions on the following topics: (1) the schedule for exchanging expert reports regarding loan reunderwriting; (2) the time frames for conducting certain custodian searches (post-closing and pre-closing "bubbles"); (3) production of material from RMBS-related investigations and litigations; (4) the schedule for *UBS* summary judgment briefing; (5) the production of lists of loans that were the subject of Defendants' due diligence efforts; and (6) the scope of Defendants' originator subpoenas.

Annexed as Exhibits to this report are the following:

    Exhibit 1:   FHFA's proposed schedule for expert reports regarding loan reunderwriting in the *UBS* case;

    Exhibit 2:   UBS's proposed schedule for expert reports regarding loan reunderwriting in the *UBS* case;

    Exhibit 3:   The custodian lists produced by Defendants on October 16, 2012, pursuant to this Court's Order;

    Exhibit 4:   FHFA's custodian lists of August 28, 2012 and July 31, 2012, and a copy of FHFA's responses of July 27, 2012, in lieu of additional Rule 30(b)(6) testimony concerning its custodians;

    Exhibit 5:   The lists of public litigations and investigations produced by some (but not all) Defendants, pursuant to this Court's Order;

    Exhibit 6:   FHFA's list of the litigations and investigations as to which it has already determined it is willing to produce testimony; and

    Exhibit 7:   FHFA and UBS's proposed order regarding the schedule for briefing summary judgment in the *UBS* case.

The Court's continued oversight has proved fundamental in prompting the parties to resolve pending disputes. With the exception of (1) impasses regarding defendants **Bank of**

**America** and **Merrill Lynch**, and (2) issues regarding the schedule for the exchange of expert loan reunderwriting reports in the **UBS** action, disputes in the six areas identified above are either the subject of active and ongoing discussions or have already been resolved. FHFA respectfully requests that the Court resolve the two sets of issues identified here, and also reserve a time for a further conference at the end of next week, after the submission of an additional report next Thursday morning, in the event that any issues remain to be resolved by the Court.

Following this Court's direction, all Defendants other than Bank of America and Merrill Lynch have re-considered the date range of document searches as well as the adequacy of the number and type of custodians for those searches, and discussion are ongoing with FHFA to resolve these matters. All Defendants (and FHFA) have either exchanged list of investigations and litigations, or agreed to do so promptly, and the parties are actively addressing parameters of required production of depositions, declarations, affidavits, and related exhibits.

**Schedule of Expert Loan-Reunderwriting Reports**

While the FHFA and the Defendants continue to meet and confer regarding most aspects of the schedule for reunderwriting reports, FHFA and UBS have reached an impasse on one aspect of that schedule: the timing and method of production of reunderwriting expert reports based on FHFA's sample in the *UBS* matter.

FHFA's proposal is as follows: (1) as this Court has ruled that UBS has waived its ability to object to the validity of FHFA's sample design in the *UBS* matter, FHFA shall produce its expert reunderwriting report based on that sample two and a half months after substantially all of the loan files and underwriting guidelines for the loans in FHFA's sample have been produced: (2) UBS shall produce any rebuttal report no later than 60 days after receiving FHFA's report. FHFA does not agree that it is feasible for the expert reunderwriting report to be produced in piecemeal on a rolling basis. Further, because information produced in the course of fact discovery may be relevant to such expert report (*e.g.*, party admissions as to defects in loans, or as to the disregard of underwriting guidelines, or as to corrupt brokers or appraisers, or as to third-party due diligence results, or as to internal risk reviews), FHFA expects to supplement such reports upon the completion of fact discovery.

UBS's proposal is that FHFA identify defects in the loans in the UBS sample on a rolling basis and complete that identification by December 21, 2012. A copy of FHFA's proposed order on this issue a attached as Exhibit 1; a copy of UBS's proposed order is attached as Exhibit 2.

**Custodians and Time Frames for Originator Searches**

As ordered by the Court, on October 16, 2012, Defendants produced custodian lists that indicated on which custodians and in what time frames they proposed to conduct post-Securitization Originator Searches; those lists are attached as Exhibit 3. In July and August, 2012, FHFA had produced information concerning the jobs, titles, and functions of its custodians, and had identified the 66 custodians whose documents it was searching through the filing of the Complaints; this information is attached as Exhibit 4.

In the chart below, FHFA summarizes (1) each Defendant's total number of custodians before the October 15 conference; (2) each Defendant's total number of custodians to which the Defendant was applying post-deal Originator Searches ("P-D Custodians") before that

conference; (3) the latest date that each Defendant was applying to any post-deal searches before the conference; (4) the same information following the conference—including the results of meet-and-confer discussions held after the lists in Exhibit 3 were served; and (5) whether FHFA is currently at an impasse with that Defendant.

|  | Before Conference | | | After Conference | | | Status |
|---|---|---|---|---|---|---|---|
|  | Total Custodians | Total P-D Custodians | Last Date Searched | Total Custodians | Total P-D Custodians | Last Date Searched |  |
| Ally Financial | 4 | 0 | n/a | 4[1] | 2 | 5/11 | Ongoing |
| Ally Securities | 7 | 0 | n/a | 7 | 5 | Mid-2011 | Ongoing |
| Barclays | 28 | 0 | n/a | 28 | 7 | 9/2/11 | Ongoing |
| BOA | 31 | 1 | 12/31/08 | 32 | 4 | 9/2/11 | Impasse |
| Citi | 51 | 1 | 8/31/08 | 52 | 7 | 9/2/11 | Ongoing |
| Credit Suisse | 41 | 5 | 12/31/08 | 47[2] | 15 | 9/2/11 | Ongoing |
| Deutsche Bank | 23 | 6 | 9/2/11 | 28[3] | 16 | 9/2/11 | Ongoing |
| First Horizon | 32 | 8 | 8/31/08 | 34 | 10 | 7/8/10 | Ongoing |
| GE | 20 | 2 | 9/2/11 | 23 | 23 | 9/2/11 | Ongoing |
| Goldman Sachs | 33 | 1 | 9/2/11 | 35 | 11 | 9/2/11 | Ongoing |
| HSBC | 21 | 0 | n/a | 23 | 12 | 9/2/11 | Ongoing |
| JPMorgan | 118 | n/a | n/a | n/a | n/a | n/a | n/a |
| Merrill Lynch | 36 | 1 | 12/31/08 | 39 | 5 | 9/2/11 | Impasse |
| Morgan Stanley | 35 | n/a | n/a | 42 | 45[4] | 9/2/11 | Ongoing |
| Nomura | 21 | 0 | n/a | 21 | 9 | 9/2/11 | Ongoing |
| Soc Gen | 14 | 4 | 9/2/11 | 14 | 8 | 9/2/11 | Ongoing |
| UBS | 76 | 0 | n/a | 75 | 16 | 7/27/11 | Ongoing |

---

[1] No documents are available for two of these custodians.

[2] Includes three custodians in *First Horizon* matter.

[3] Deutsche Bank has stated that 3 of these 28 custodians have no emails during the relevant period and that one more departed before the relevant period.

[4] Morgan Stanley has agreed to search 42 custodians through the date of the Complaint plus another 3 custodians during the post-Securitization time period only.

3

FHFA is at an impasse with Defendants BOA and Merrill Lynch regarding the sufficiency of their efforts in running Originator Searches in the post-Securitization timeframe.

**BOA** has agreed to apply Originator Searches to only 4 of the same 32 custodians who appeared on its custodian list through the date of the Complaint (at least one of whom in any event left BOA in 2008). It had not conducted in advance of the meet-and-confer session any additional investigation to determine if its list includes individuals at a senior level with responsibilities in the four categories outlined in FHFA's October 9, 2012 letter. It has not confirmed that it will do so now. It did not offer answers at the meet-and-confer session sufficient to demonstrate that its list as currently constituted is adequate.

**Merrill Lynch** has agreed to apply Originator Searches to only 5 of its 39 total custodians through the date of the Complaint. Only one of these 5 custodians has been added to the list that Merrill Lynch had proposed before the conference, and another left Merrill Lynch in any event in 2008. The issues of impasse are the same as in the *Bank of America* case.

As for pre-closing searches, as FHFA reported to the Court last week, there was a split among the Defendants even at the time as to whether to apply "bubbles" to their pre-closing Originator Searches. Since the October 15 conference, some of the remaining Defendants have reconsidered their use of bubble searches, while still others are still considering whether to do so. The parties are continuing to meet and confer on these issues.

**Production of Information re: Litigations and Investigations**

The parties are not currently at an impasse regarding the production of testimony, at a minimum, from RMBS-related litigations and investigations. Many Defendants have agreed to produce deposition transcripts, declarations, affidavits, and witnesses statements (with exhibits) for at least some litigations and investigations. Several Defendants have produced lists of the matters from which they intend to produce testimony; these lists are attached as Exhibit 5. These lists may not reflect additional matters that some Defendants agreed to search after the lists were served. The rest of the Defendants expect to produce their lists in the near future. FHFA has provided Defendants with a list of the matters from which it intends to produce testimony; that list is attached as Exhibit 6. The parties continue to meet and confer about these issues.

**Schedule for UBS Summary Judgment Briefing**

FHFA and the UBS Defendants have agreed upon proposed dates for the briefing of summary judgment in the *UBS* case: (1) summary judgment motions to be filed by July 23, 2013; (2) summary judgment oppositions to be filed by August 20, 2013; (3) summary judgment replies to be filed by August 30, 2013. A proposed order is attached as Exhibit 7.

**Loan Files: Bates-Stamping and Manifests**

The parties have reached an agreement in principle regarding the parameters for production of loan files by parties, by parties acting as third parties, and by true third parties. The parties are close to completing a loan file stipulation that they expect to file with the Court shortly.

**Production of Due Diligence Loan Numbers**

Most Defendants have agreed to produce a list of the loan numbers of the loans that were the subject of their due diligence efforts by November 7, 2012. Some Defendants have agreed to produce their lists sooner; for example, UBS will produce its list by October 31, 2012. A few Defendants have indicated that they cannot produce full lists of their due diligence loans by November 7, 2012; FHFA continues to meet and confer with those Defendants about the production of those lists.

**Stipulation re: Requests to Third Parties**

As reported at the October 15 conference, the parties have reached agreement on a stipulation by which Defendants will narrow the scope of the subpoenas they have served on originators. The parties are close to finalizing a stipulation that they plan to submit to the Court shortly.

\*       \*       \*

On the whole, the parties have made meaningful progress on the issues discussed at the October 15 conference. Due to the number and complexity of the issues, however, the parties have not yet concluded their meet-and-confer discussions. Accordingly, FHFA respectfully requests that the Court schedule a status conference on Friday, October 26, 2012 (or as near to that date was is convenient for the Court), following the submission of an additional report by FHFA, at which the parties can raise any issues that might remain at that time.[5]

---

[5] The lists in Exhibits 3-6 were exchanged bilaterally between FHFA and Defendants. Because FHFA does not know whether Defendants are sharing their own lists with each other, FHFA will provide full copies of the Exhibits to the Court but will not serve them upon all Defendants.

Respectfully submitted,

/s/ Philippe Z. Selendy
Philippe Z. Selendy
(philippeselendy@quinnemanuel.com)
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. UBS Americas, Inc., FHFA v. JPMorgan Chase & Co., FHFA v. Deutsche Bank AG, FHFA v. Citigroup Inc., and FHFA v. Goldman, Sachs & Co.*

/s/ Richard A. Schirtzer
Richard A. Schirtzer
(richardschirtzer@quinnemanuel.com)
Adam Abensohn
(adamabensohn@quinnemanuel.com)
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. HSBC North America Holdings, Inc. and FHFA v. Nomura Holding America, Inc.*

/s/ Christine H. Chung
Christine H. Chung
(christinechung@quinnemanuel.com)
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. First Horizon National Corp., FHFA v. Bank of America Corp., and FHFA v. Credit Suisse Holdings (USA), Inc.*

/s/ Manisha M. Sheth
Manisha M. Sheth
(manishasheth@quinnemanuel.com)
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. UBS Americas, Inc., FHFA v. JPMorgan Chase & Co., FHFA v. Barclays Bank PLC, FHFA v. Citigroup Inc., and FHFA v. Merrill Lynch & Co., Inc.*

/s/ Michael Hanin
Marc E. Kasowitz (mkasowitz@kasowitz.com )
Hector Torres (htorres@kasowitz.com)
Christopher P. Johnson (cjohnson@kasowitz.com)
Michael Hanin (mhanin@kasowitz.com)
Kanchana Wangkeo Leung (kleung@kasowitz.com)
KASOWITZ, BENSON, TORRES &
 FRIEDMAN, LLP
1633 Broadway
New York, NY 10019

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. Ally Financial Inc., FHFA v. General Electric Company., FHFA v. Morgan Stanley, and FHFA v. SG Americas, Inc.*