USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/15/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x

~~[PROPOSED]~~ **CORRECTED**
**ORDER REGARDING**
**DEPOSITION PROTOCOL**

FEDERAL HOUSING FINANCE AGENCY, etc.,

        Plaintiff,

    v.

UBS AMERICAS, INC., et al.,

        Defendants.

: 11 Civ. 5201 (DLC)

-------------------------------------------------------- x

FEDERAL HOUSING FINANCE AGENCY, etc.,

        Plaintiff,

    v.

JPMORGAN CHASE & CO., et al.,

        Defendants.

: 11 Civ. 6188 (DLC)

-------------------------------------------------------- x

FEDERAL HOUSING FINANCE AGENCY, etc.,

        Plaintiff,

    v.

HSBC NORTH AMERICA HOLDINGS, INC., et al.,

        Defendants.

: 11 Civ. 6189 (DLC)

-------------------------------------------------------- x

FEDERAL HOUSING FINANCE AGENCY, etc.,

        Plaintiff,

    v.

BARCLAYS BANK PLC, et al.,

        Defendants.

: 11 Civ. 6190 (DLC)

-------------------------------------------------------- x

1

```
--------------------------------------------------- x
                                                     :
                                                     :
FEDERAL HOUSING FINANCE AGENCY, etc.,                :
                                                     :   11 Civ. 6192 (DLC)
                   Plaintiff,                        :
         v.                                          :
                                                     :
DEUTSCHE BANK AG, et al.,                            :
                                                     :
                   Defendants.                       :
--------------------------------------------------- x
                                                     :
                                                     :
FEDERAL HOUSING FINANCE AGENCY, etc.,                :
                                                     :   11 Civ. 6193 (DLC)
                   Plaintiff,                        :
         v.                                          :
                                                     :
FIRST HORIZON NATIONAL CORP., et al.,                :
                                                     :
                   Defendants.                       :
--------------------------------------------------- x
                                                     :
                                                     :
FEDERAL HOUSING FINANCE AGENCY, etc.,                :
                                                     :   11 Civ. 6195 (DLC)
                   Plaintiff,                        :
         v.                                          :
                                                     :
BANK OF AMERICA CORP., et al.,                       :
                                                     :
                   Defendants.                       :
--------------------------------------------------- x
                                                     :
                                                     :
FEDERAL HOUSING FINANCE AGENCY, etc.,                :
                                                     :   11 Civ. 6196 (DLC)
                   Plaintiff,                        :
         v.                                          :
                                                     :
CITIGROUP INC., et al.,                              :
                                                     :
                   Defendants.                       :
--------------------------------------------------- x
```

```
----------------------------------------------------------------- x
                                                                   :
                                                                   :
FEDERAL HOUSING FINANCE AGENCY, etc.,                              :
                                                                   :   11 Civ. 6198 (DLC)
                     Plaintiff,                                    :
              v.                                                   :
                                                                   :
GOLDMAN, SACHS & CO., et al.,                                      :
                                                                   :
                     Defendants.                                   :
----------------------------------------------------------------- x
                                                                   :
                                                                   :
FEDERAL HOUSING FINANCE AGENCY, etc.,                              :
                                                                   :   11 Civ. 6200 (DLC)
                     Plaintiff,                                    :
              v.                                                   :
                                                                   :
CREDIT SUISSE HOLDINGS (USA), INC., et al.,                        :
                                                                   :
                     Defendants.                                   :
----------------------------------------------------------------- x
                                                                   :
                                                                   :
FEDERAL HOUSING FINANCE AGENCY, etc.,                              :
                                                                   :   11 Civ. 6201 (DLC)
                     Plaintiff,                                    :
              v.                                                   :
                                                                   :
NOMURA HOLDING AMERICA, INC., et al.,                              :
                                                                   :
                     Defendants.                                   :
----------------------------------------------------------------- x
                                                                   :
                                                                   :
FEDERAL HOUSING FINANCE AGENCY, etc.,                              :
                                                                   :   11 Civ. 6202(DLC)
                     Plaintiff,                                    :
              v.                                                   :
                                                                   :
MERRILL LYNCH & CO., INC., et al.,                                 :
                                                                   :
                     Defendants.                                   :
----------------------------------------------------------------- x
```

```
-------------------------------------------------- x
                                                  :
                                                  :
FEDERAL HOUSING FINANCE AGENCY, etc.,             :
                                                  :
                Plaintiff,                        :   11 Civ. 6203 (DLC)
        v.                                        :
                                                  :
SG AMERICAS, INC., et al.,                        :
                                                  :
                Defendants.                       :
-------------------------------------------------- x
                                                  :
                                                  :
FEDERAL HOUSING FINANCE AGENCY, etc.,             :
                                                  :   11 Civ. 6739 (DLC)
                Plaintiff,                        :
        v.                                        :
                                                  :
MORGAN STANLEY, et al.,                           :
                                                  :
                Defendants.                       :
-------------------------------------------------- x
                                                  :
                                                  :
FEDERAL HOUSING FINANCE AGENCY, etc.,             :
                                                  :
                Plaintiff,                        :   11 Civ. 7010 (DLC)
        v.                                        :
                                                  :
ALLY FINANCIAL INC., et al.,                      :
                                                  :
                Defendants.                       :
-------------------------------------------------- x
                                                  :
                                                  :
FEDERAL HOUSING FINANCE AGENCY, etc.,             :
                                                  :   11 Civ. 7048 (DLC)
                Plaintiff,                        :
        v.                                        :
                                                  :
GENERAL ELECTRIC COMPANY, et al.,                 :
                                                  :
                Defendants.                       :
-------------------------------------------------- x
```

DENISE COTE, District Judge:

## I.   SCOPE OF THE DEPOSITION PROTOCOL

Except as specifically provided herein, this Deposition Protocol shall govern all oral and written discovery depositions of party and non-party fact witnesses (including depositions of Rule 30(b)(6) witnesses), taken in the above-captioned actions pending in the U.S. District Court for the Southern District of New York (the "SDNY Actions" or the "Actions"), which were brought by the Federal Housing Finance Agency ("FHFA"), as conservator for the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac") (together, the "Government Sponsored Entities" or "GSEs") against defendants to the Actions (collectively, "Defendants").

During the November 15, 2012 Conference in the SDNY Actions, and as previously indicated by the Court in the SDNY Actions in its May 15, 2012 order and at the June 13, 2012 hearing, the Court provided as follows with respect to oral and written discovery depositions of party and non-party fact witnesses (including depositions of Rule 30(b)(6) witnesses), to be taken in the Actions: (1) the Court's previously imposed limit of 20 depositions (on June 13, 2012, the Court affirmed the guidance it provided in its May 15 Order, and ruled that Defendants as a group may take 20 depositions of FHFA, and that FHFA may take 20 depositions of each corporate family of defendants) applies to former and current employees of a party or family of parties, *see* November 15, 2012 Hrg. Tr. at 22:8-11; *see also* June 13, 2012 Hrg. Tr. at 19:24-25); (2) a presumptive limit of two days applies to depositions of party fact witnesses, see November 15, 2012 Hrg. Tr. at 22:8-11; (3) each deponent will be deposed only once; and (4) all Defendants, as a group, may take up to two seven-hour day of Rule 30(b)(6) deposition testimony from each of Fannie Mae and Freddie Mac, and one seven-hour day of Rule 30(b)(6) deposition testimony from FHFA, *see id.* at 24.

Certain of the foregoing limits were ordered over the parties' objections, and the parties have reserved all rights with respect to the Court's rulings on these issues. In light of the Court's May 15, 2012 Order and November 15, 2012 rulings, and after considering the November 19 submissions of the parties, it is further ordered as follows:

## II.    DEPOSITION LIMITATIONS

A.    Other than for good cause shown, in accordance with the Court's ruling at the November 15, 2012 hearing, total questioning at each deposition of a party shall presumptively last no more than two seven-hour days, exclusive of breaks and a one-hour lunch (Nov. 15, 2012 Hrg. Tr. at 22:10-11) with the exception that each deposition of an Individual Defendant will presumptively last for one seven-hour day, exclusive of breaks. Presumptive limits on the duration of 30(b)(6) depositions are set forth in paragraph II.C. below. In addition, all parties to any Action shall have the right to depose, prior to the witness's live testimony at trial in that Action, any witness designated to testify at trial in that Action who has not previously been deposed in the Actions. Neither Fed. R. Civ. P. 30(b)(6) depositions, depositions of Individual Defendants named in the Actions, depositions of witnesses being presented at trial that were not previously deposed prior to the fact discovery cut off, nor depositions of non-parties shall be included within the 20 deposition limit imposed by the Court. Any witness appearing in both his or her individual capacity and as a Rule 30(b)(6) witness will be made available to testify on consecutive days in both capacities (*i.e.*, up to four seven-hour days total). The witness's appearance in his or her capacity as an individual will not count toward the time limitations applicable to Rule 30(b)(6) depositions, and the witness's appearance as a Rule 30(b)(6) designee will not count toward the time limitations applicable to the witness in his or her individual capacity.

B.      Other than for good cause shown, no more than five depositions shall be taken on any one day, subject to consensual adjustment by the scheduling committees (as defined in Section II.F., *infra*) or by the Court at a future date.  With respect to any deposition noticed under Rule 30(b)(6), the party producing the witness in response to such a notice shall, no later than 12 calendar days prior to the deposition date, advise the other parties of the identity of the witness and, if more than one witness is being designated to testify with respect to the noticed topics, the particular topics with respect to which each witness is being designated.  Any objection to the noticed topics (including topics for which the producing party will not produce a witness) shall be served no later than seven calendar days prior to the deposition date.

C.      Other than for good cause shown, all Defendants, as a group, may take up to two seven-hour days of Rule 30(b)(6) deposition testimony from each of Fannie Mae and Freddie Mac, and up to one seven-hour day of Rule 30(b)(6) deposition testimony from FHFA.  All Defendants, as a group, may serve collectively a total of no more than 25 Rule 30(b)(6) topics, including subparts, in their Rule 30(b)(6) deposition notices to FHFA, Fannie Mae, and Freddie Mac.  The following presumptive limits shall apply to 30(b)(6) deposition testimony that FHFA may take of the Defendant entities: a half day (3.5 hours) of Rule 30(b)(6) deposition testimony of each parent corporation, one seven-hour day of Rule 30(b)(6) deposition testimony of each underwriter, a half day (3.5 hours) of Rule 30(b)(6) deposition testimony of each sponsor or co-sponsor, and a half day (3.5 hours) of Rule 30(b)(6) deposition testimony of each depositor. Where, due to acquisitions and mergers, a defendant family has a number of underwriters, sponsors and depositors, FHFA shall be entitled to take the presumptive deposition limits of each such acquired or merged defendant sub family.  The parties may agree that a single representative can testify on behalf of multiple Defendant entities within a corporate family.

FHFA may serve a total of no more than 25 Rule 30(b)(6) topics, including subparts, on each corporate family of Defendants. The Rule 30(b)(6) depositions already taken in these Actions and the topics identified in the Rule 30(b)(6) Deposition Notices previously served by any party do not count toward these limits.

      D.      Regarding non-party depositions (which include former and current employees of non-parties), in each Action, there shall be, in addition to one seven-hour Rule 30(b)(6) deposition, no more than four one-day depositions of any particular originator witnesses, no more than four one day depositions of any particular due diligence firm witnesses, two one-day depositions of any particular credit rating agency witnesses, and one day of deposition testimony of any particular servicer witness. Where appropriate, the scheduling committees and the non-party may agree to substitute Rule 30(b)(6) deposition days for witness deposition days. The parties have reserved the right to seek the Court's intervention if the deposition of any non-party appears to violate the proportionality principle of Fed. R. Civ. P. 26.

### E.    Scheduling of Depositions

Plaintiff and Defendants will each create a scheduling committee. Plaintiff will appoint representatives, and Defendants will appoint no more than ten representatives total (including no more than one representative from Tranche 1 and no more than three representatives from each of Tranches 2, 3 and 4) to oversee the scheduling of all depositions. Every two weeks, Plaintiff's and Defendants' scheduling committees will exchange the names of persons each side seeks to depose and the amount of time sought for each deposition. In addition to scheduling depositions, where necessary Plaintiff's and Defendants' scheduling committees will meet and confer to address issues relating to the length of depositions if a particular witness presents special circumstances, and the allocation of time between Plaintiff and Defendants for non-party

depositions.  The committees will contact counsel for the witness (or the witness, if the witness is not represented) to arrange a date for the deposition at least 20 calendar days but not more than 45 calendar days thereafter, it being understood that in the case of non-parties, the committee of the party that proposed the deposition of the non-party witness (*i.e.*, the Plaintiff or Defendant scheduling committee referenced above) will undertake to schedule the deposition.  Where possible, depositions will be scheduled to permit at least two week's notice to the parties.  The scheduling committees shall meet for the first time no later than 30 days before depositions commence and shall attempt to meet at least once every two weeks thereafter at mutually agreeable times if there is a need to address outstanding issues.

The scheduling committees may meet through scheduled conference calls and need not formally meet in order to perform its functions.  The scheduling committees shall establish and post to a secure website a Master Deposition Schedule, which shall set forth, for each deposition as it is scheduled, the deponent's name and affiliation and the location and anticipated length (number of hours or days) of the deposition.  Plaintiff and Defendants will each appoint a representative to share responsibility for posting the Master Deposition Schedule as it is agreed upon and for updating it.

III.    **NOTICING OF DEPOSITIONS**

    A.    **Timing**

Posting a deposition of a current or former employee of a party on the Master Deposition Schedule shall serve as a substitute for the deposition notice contemplated by the Federal Rules of Civil Procedure in the particular case or cases in which it is noticed.  If a party is unable to produce a former employee, it should promptly notify the opposing Party's scheduling committee, and a subpoena will be issued by the party noticing the deposition.

Depositions of any non-party must be noticed no fewer than 20 calendar days in advance of the proposed deposition date, and shall be included in the Master Deposition Schedule with an indication of the case or cases in which that deposition is being noticed.

### B.    Postponements for Depositions

Postponements will be posted on the Master Deposition Schedule promptly and, barring unforeseen circumstances, at least 72 hours before the scheduled deposition.

## IV.    PRE-DESIGNATION OF GENERAL CONTENT AND DOCUMENTS

To obviate the need for multiple paper copies of potential exhibits, each party intending to examine a deponent may, not later than two business days before a deposition, (1) serve via website a non binding list of the documents (identified by Bates number) that counsel anticipates using or referring to during the deposition, and (2) upload to a file transfer protocol ("FTP") site images in an electronic format of each document that counsel anticipates using or referring to in the deposition.  In addition, each party intending to examine a non-party deponent will not later than two business days before a deposition, serve via website a non-binding list of the Defendants about which counsel intends to examine the deponent.  Where a party witness was employed by more than one defendant family, the committees will meet and confer as to whether the witness requires a similar type of non-binding disclosure.

Nothing herein shall prevent any party from using any document of its choosing at a deposition or require it to disclose in advance any document it intends to use at a deposition, provided that any counsel who does not pre-designate documents shall bring no fewer than 20 paper copies of such documents to the deposition so that 4 copies may be distributed to FHFA's counsel and 16 copies may be distributed to Defendants' counsel.  A party may also, at its election, bring 5 paper copies (for the witness, court reporter and defending counsel) and 15 copies on DVD or memory stick(s).

10

A set of core documents may be agreed upon by the scheduling committee, marked for identification purposes, maintained in PDF format by the court reporter service, and made available on request on DVD at each deposition site.

## V.   NUMBERING OF DEPOSITION EXHIBITS

Each document marked for identification at the depositions shall be numbered with a new exhibit number.  The scheduling committees will circulate a master exhibit list periodically to all counsel.

Exhibit numbers will be assigned by the court reporter service sequentially regardless of what party marks the exhibit, and numbering of exhibits at each successive deposition will resume where the numbering at the preceding deposition ended.  The Court reporting service will use 100 exhibit gaps when depositions are occurring on the same day and, if necessary, use the third party's name followed by sequential exhibit numbers starting with 1 for non-party depositions taken outside New York and Washington, DC.

Counsel will make their best efforts to use the previously marked exhibit number in subsequent depositions.

The index of exhibits annexed to each deposition transcript shall contain the document-production (Bates) number, the exhibit number for each exhibit marked for identification at the deposition, and each exhibit referenced in the deposition.

The scheduling committee shall direct any deposition court reporter to ensure that the original copy of all deposition transcripts, including exhibits, is placed on a secure website available to all parties.

## VI.   CONDUCT OF DEPOSITIONS

### A.   Daily Schedule

A deposition day shall presumptively consist of a maximum of seven hours of testimony. Unless otherwise agreed, depositions shall take place on a weekday and presumptively start at 9:00 a.m.  Where necessary to avoid returning on a subsequent day, the parties and the deponent shall attempt to complete the deposition by extending the deposition for up to one hour, or longer upon agreement.

**B.      Holidays**

No depositions may be scheduled on the dates of in-person Court hearings, or on federal holidays.

**C.      Conduct of Counsel at Depositions**

Counsel recognizes that the magnitude and complexity of these Actions require that all parties use every effort to strictly adhere to the established rules of evidence and procedure, ethical conduct, and civility. Consequently, all counsel shall refrain from making speaking objections. Counsel shall state any objections in a nonargumentative and nonsuggestive manner as required by Rule 30(c)(2).

The objection of one counsel to a question need not be repeated by another counsel to preserve that objection on behalf of such other counsel.  Any objection to the form of a question shall be deemed to have been made (a) on behalf of all other parties, and (b) on all grounds for a form objection.  The only objections permitted during the depositions will be objections to the form of a question, objections that the question lacks foundation, objections that a question calls for privileged information, objections to the responsiveness of an answer, or objections that a line of questioning falls outside the scope of noticed Rule 30(b)(6) topics.  Regardless of the provisions in Fed. R. Civ. P. 32(d)(3), no other objection is waived by failure to assert it during the deposition.  Objections shall be stated precisely.  Counsel will limit their objections to

"Objection, Form," "Objection, Foundation," "Objection, Responsiveness," or "Objection, Beyond Scope," and such objections will be sufficient to preserve all relevant objections. The questioner may, in his or her discretion, ask objectors to identify all bases for the form objection which, upon such request, will be concisely stated on the record by each objecting party. Upon such request by the questioner, any objections not stated shall be waived as provided for by the Federal Rules of Civil Procedure and of Evidence and by applicable local rules.

Counsel shall not instruct witnesses not to answer questions, except to preserve a privilege or to present a motion under Rule 30(d)(3). Any such Rule 30(d)(3) motion or other discovery dispute requiring Court intervention that arises during a deposition may be immediately presented during the deposition to Judge Cote or, in the case of a non-party witness residing outside the Court's jurisdiction, to a Federal District Judge or Magistrate Judge in the relevant district, in which case the parties may advise the judicial officer that Judge Cote is willing to address the dispute if the judicial officer wishes to transfer it to her. The time necessary to raise the issue with the Court shall not be counted against the time of the deposition taker. The decision not to present any issue to Judge Cote or the relevant Federal District or Magistrate Judge during the deposition will not be deemed a waiver, but if any motion under Rule 30(d)(3) is not made within three business days after conclusion of the deposition, the issue shall be waived.

If a privilege is claimed, the witness will nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of the communication, who made the statement, who was present other than counsel, and others to whom the communication was made known.

**D.      Deposition Questionnaire**

13

To the extent possible, each deponent will complete a background questionnaire, a copy of which is annexed hereto as Exhibit A, such that the completed questionnaire can be posted to the FTP site at least two calendar days before the start of the deposition. The witness may be asked to review the questionnaire at the deposition to confirm that it is accurate.

### E.     Completion and Reopening of Depositions

Except by consent of the deponent or, where there is no such consent, upon Court order under Rule 30(a)(2), the deposition of any witness shall be taken only once, unless the same witness is testifying in both his or her individual capacity and as a Rule 30(b)(6) witness.

### F.     Length of Depositions

The court reporter or video service shall maintain a total running time for actual deposition testimony to record how much time is taken in each deposition by each party.

### G.     Remote-Access Protocol

At the outset of the deposition, on the record, all counsel, both at the site and by remote access, shall identify themselves and whom they represent. If any counsel participating remotely joins the deposition after it starts, that counsel shall identify himself or herself upon joining. Absent agreement of Plaintiff, Defendants, and witness counsel, only those physically present on-site shall be permitted to examine the deponent.

### H.     Place of Depositions

Unless otherwise agreed to by representatives to the scheduling committee, all party depositions, including depositions of current employees, will be held in New York City or Washington, DC. The parties will make a good-faith effort to have all former employees and non-party deponents appear for depositions in New York City or Washington, DC. If a former employee or non-party deponent is unwilling or unable to travel to New York City or

Washington, DC, the location of the deposition will be set in accordance with Fed. R. Civ. P. 45, with each party bearing its own travel costs.

I.    **Notice of Intent to Attend a Deposition**

For planning purposes, not fewer than three calendar days before the deposition date, Plaintiff's and Defendants' counsel intending to attend the deposition shall notify the scheduling committee, which will post a list of the counsel who are expected to attend on the website within two calendar days of the deposition. For scheduling and security purposes, parties will supply the scheduling committee with a master list (updated as necessary) of the names of lawyers, staff, consultants, and other attendees for each deposition.

J.    **Court Reporters and Videotaping**

The scheduling committee will contract a single court reporting service and video service to cover the deposition sites in New York City. The court reporting and video services will also provide remote access, secure real-time video streaming and LiveNote, as well as speaker-phone capability (to be used for conferences with the Court) for all depositions, and maintain one set of Core Documents. The court reporting service will transcribe all conference calls with the Court from the deposition site as part of the deposition transcript for that day. All depositions in these Actions shall be videotaped. The court reporting service shall maintain a secure website on which it will deposit transcripts as soon as practicable and on which transcripts will be preserved.

**VII.   COSTS**

The party requesting the deposition shall pay the cost for court reporting and video services for that deposition. Each party shall cover its own transcription costs.

**VIII.  STANDARD STIPULATION**

The following statement shall be included in each transcript by the court reporter:

15

Upon completion of the transcription of today's session, the original transcript shall be sent to counsel for the witness by the court reporter. Counsel shall promptly forward it to the witness for review, correction, and signature under penalty of perjury. The witness shall have 30 calendar days from the day of receipt of the original transcript (not including any preliminary or "rough" transcripts) within which to review, make any correction, sign the deposition transcript under penalty of perjury, and return it to counsel. The witness's counsel shall then forward the original transcript plus corrections to the court reporter, who will promptly notify all counsel of its receipt and any changes to testimony made by the witness.

If the witness is not represented by counsel, the original transcript will be sent to the witness by the court reporter. After review, correction, and signature within 30 calendar days from the date of receipt, the witness shall return the original transcript to the court reporter, who will notify all counsel of its receipt and any changes to testimony by the witness.

The court reporter will deposit the original transcript on a secure website. If, for any reason, the original is lost, misplaced, not returned, not signed, or unavailable, a certified copy may be used in its place for all purposes. The court reporter is otherwise relieved of any statutory duties.

## XIII.   CONFIDENTIALITY PROVISIONS

The use of documents at depositions and testimony taken at all depositions is governed by the Protective Order entered by the U.S. District Court for the Southern District of New York in the SDNY Actions on May 30, 2012 (as that Protective Order may be amended in light of the coordination of the SDNY Actions with the RBS Action) and any Protective Order entered by the U.S. District Court for District of Connecticut in the RBS Action.

## XIV.   MODIFICATION

This Deposition Protocol Order may be modified by the stipulation of all parties hereto, by unanimous agreement of the scheduling committees, or by Court Order.

SO ORDERED:

Dated:   New York. New York

*Denise Cote*

*December 15, 2012*

16

December _____, 2012

_____
DENISE COTE
United States District Judge

**Exhibit A:  Deposition Background Questionnaire**

Please answer the following questions completely and accurately to the best of your recollection. If a question does not apply, please state "n/a".  Please do not leave any questions blank.  If you need extra space to answer any of the questions, please use additional sheets of paper and indicate the number and letter of the question you are answering.  If you wish, you may enclose a resume, professional biography, or curriculum vitae, and to the extent that document contains information answering some or all of any question, you may reference that document in answering the question instead of restating the information contained there.

1.    Please provide the following information:

    a.    Please state your name.

    b.    Please state each post-secondary educational institution you attended, the degree(s), if any, you obtained from that institution, the year you received it, and any major, concentration, or specialization.

    c.    Please list any professional license you hold or have held (including any accounting license, securities license, or admission to practice law in any jurisdiction); the licensing jurisdiction, and the dates you have held the license.

    d.    Please list each full-time position you have held for at least one year, dating from your graduation from college or completion of pre-college education to the present, excluding any position held at any Defendant entity.  For each position, please state your dates of employment, your employer, the city of your workplace, and each title you held.

2.    Please answer the following questions for each position you held at any party entity or affiliate, in chronological order:

    i.    State the entity, department, business unit, operating segment and/or subsidiary you were employed by, and the location where you worked.

    ii.    State your initial title and any changes in title thereafter,

    iii.    State your dates of employment and the dates you held different titles.

    iv.    If you were employed at any time between July 2005 and September 2011, list the name and title of each person who supervised you directly, and the name and title of each person whom you supervised directly.

3.    For non-party deponents only, please identify each Securitization for any of the SDNY Actions or the RBS Action for which you had specific involvement.