

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE
NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
————
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
————
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
(212) 735-3902
DIRECT FAX
(917) 777-3902
EMAIL ADDRESS
ROBERT.FUMERTON@SKADDEN.COM

**MEMO ENDORSED**

March 8, 2013

**BY EMAIL**
Honorable Denise L. Cote
United States District Judge
500 Pearl Street
New York, NY 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/11/13

RE:   FHFA v. UBS Americas Inc., et al., 11-cv-5201 (DLC)

Dear Judge Cote:

On behalf of defendants (the "UBS Defendants") in the above-referenced action (the "UBS Action"), we write to seek relief from provisions of the February 25, 2013 Amended Order Regarding Deposition Protocol (the "Protocol") that are substantially prejudicing the UBS Defendants in light of the accelerated schedule in the UBS Action.

Under the Protocol, all defendants in the 15 separate actions brought by FHFA must share a total of 20 fact depositions of Fannie Mae, Freddie Mac and FHFA/OFHEO. But the schedule for completion of fact and expert discovery is not shared across all 15 actions. Pursuant to this Court's November 26, 2012 scheduling order, fact discovery in the UBS Action closes on August 16, 2013. The UBS Defendants' non-reunderwriting expert reports – which will be substantially influenced by the evidence developed in fact discovery – are currently due even earlier, on June 4, 2013. And the UBS Defendants' deadline for filing a summary judgment motion is September 6, 2013. By contrast, fact discovery in all other actions closes on December 6, 2013 – nearly four months after the close of fact discovery in the UBS Action. Summary judgment motions in those actions need not be filed until January 24, 2014.

Although FHFA represented on January 25, 2013 that it was "substantially complete" with document production, it has since then produced more than 1.25 million pages of documents. Moreover, FHFA has been unable to commit to a date by which it will finish its document production. Ordinarily, defendants would begin taking fact depositions after FHFA's document production is complete and defendants have had an adequate opportunity to review the documents. The UBS Defendants, however, are not

Honorable Denise L. Cote
March 8, 2013
Page 2

operating under ordinary circumstances, and instead face exceedingly tight discovery timeframes. Accordingly, to meet the deadlines for their expert reports and for the close of fact discovery, the UBS Defendants must begin taking fact depositions of Fannie Mae, Freddie Mac and FHFA/OFHEO now, and are prepared to begin noticing depositions immediately. Other defendants, however – who have an additional four months within which to conduct fact discovery and do not face accelerated expert deadlines – are not seeking to notice depositions now. Rather, the UBS Defendants believe these defendants reasonably wish to spend more time (as would the UBS Defendants, if their schedule permitted) with the documents FHFA has produced in order to make fully informed decisions about how to use the limited number of depositions permitted of Fannie Mae, Freddie Mac and FHFA/OFHEO, and to prepare adequately for those depositions in consideration of FHFA's ongoing document production.

Defendants are thus faced with an insoluble problem: the UBS Defendants simply do not have time in their discovery schedule to defer taking fact depositions, notwithstanding FHFA's ongoing document production. Other defendants, however, do have time in their discovery schedules to permit them to defer taking fact depositions. Indeed, while the UBS Defendants face substantial prejudice if they cannot go forward now, other defendants face substantial prejudice if forced to proceed before they are ready. Because all defendants must share the limited number of depositions permitted by the Protocol as it now stands, prejudice to either the UBS Defendants or other defendants is inevitable.

Accordingly, to avoid this prejudice, the UBS Defendants respectfully request that any depositions noticed by the UBS Defendants in advance of FHFA's completion of its document production (and a reasonable period thereafter for review) not be counted against the twenty deposition limit of Fannie Mae, Freddie Mac and FHFA/OFHEO.[1]

Respectfully submitted,

Robert A. Fumerton

cc:    All counsel of record (by email)

Denied.
Denise Cote
March 11, 2013

---

[1]   Defendants have previously objected to the limitations placed by the Court on depositions of Fannie Mae, Freddie Mac, and FHFA/OFHEO, and nothing in this request is intended to waive or withdraw those objections.