## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
(212) 735-3902
DIRECT FAX
(917) 777-3902
EMAIL ADDRESS
ROBERT.FUMERTON@SKADDEN.COM

FIRM/AFFILIATE OFFICES
—
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

March 26, 2013

**BY EMAIL**

Hon. Denise L. Cote
United States District Judge
500 Pearl Street, Room 1610
New York, New York 10007-1312

      Re:     <u>FHFA v. UBS Americas Inc.</u>, No. 11-cv-5201 (DLC)

Dear Judge Cote:

      We write on behalf of defendants in the above-referenced action (the "UBS Defendants") in response to FHFA's letter of March 25, 2013, which requests that the Court compel the production of certain legal memoranda concerning UBS's on-site reviews of mortgage originators, all of which are protected by the attorney-client privilege.

      The central thrust of FHFA's argument is that these documents are not privileged because they "simply memorialize the topics discussed during the meetings." (FHFA Letter of 3/25/13, at 1.) But this assertion is simply incorrect. As detailed in the attached Declaration of Chad Eisenberger, an in-house attorney at UBS who personally attended certain of these on-site originator reviews, these memoranda were not rote summaries of what originators stated at the meetings. *See* Declaration of Chad Eisenberger ("Eisenberger Decl.") ¶¶ 5, 7.[1] Rather, the purpose of the on-site reviews was "to evaluate each lender's compliance with federal, state and local laws and regulations," and the resulting memoranda were legal documents specifically "prepared at the request of" UBS's Legal Department by outside counsel at Thacher Proffitt & Wood LLP ("Thacher"). *Id.* ¶ 7. The memoranda "contain Thacher's legal analysis of the originator's operations in light of the facts and information provided by the originators during the reviews and the various

---

[1] The UBS Defendants are submitting to the Court by hand delivery an un-redacted version of the Eisenberger Declaration that attaches as Exhibit A an example of the legal memoranda for *in camera* review. The UBS Defendants are emailing to the Court and counsel for FHFA the Eisenberger Declaration with the exhibit redacted.

Hon. Denise L. Cote
March 26, 2013
Page 2

applicable federal, state and local laws and regulations." *Id.* Accordingly, consistent with the purpose and function of the legal memoranda, each memorandum was expressly designated as "privileged." *Id.*

There also is no merit to FHFA's related suggestion that Thacher's synthesis of factual information in these legal memoranda somehow destroys their privileged nature. *See* FHFA Letter of 3/25/13, at 1-2. Indeed, it is well-settled that the inclusion of factual information along with legal analysis does not defeat the attorney-client privilege. *See Kiobel v. Royal Dutch Petroleum Co.*, No. 02 Civ. 7618 (KMW)(HBP), 2005 WL 1925656, at *6 (S.D.N.Y. Aug. 11, 2005) (rejecting plaintiff's contention that documents were not privileged because they contained factual information, reasoning that attorney-client communications are inherently factual); *Kraus v. Brandstetter*, 185 A.D.2d 300, 301 (2d Dep't 1992) (holding that attorney-client privilege applied to memorandum because "a recital of facts in a legal opinion does not defeat the attorney-client privilege").[2] Here, even a cursory review of the legal memoranda at issue reveals that the factual information contained therein was integral to the analysis of whether the originators complied with the "various applicable federal, state and local laws and regulations." Eisenberger Decl. ¶ 7.

Finally, Plaintiff also proceeds from the erroneous premise that any legal advice in the memoranda was discussed "in the presence of third-parties, including representatives from the originators and diligence firms." FHFA Letter of 3/25/13, at 2. To the contrary, while these memoranda contain Thacher's "legal analysis" of issues stemming from these meetings with originators, this legal advice itself was <u>not</u> shared outside of UBS with any third parties. *See* Eisenberger Decl. ¶ 7. Accordingly, the attorney-client privilege was not waived.

For the foregoing reasons, the UBS Defendants respectfully request that FHFA's request be denied.

Respectfully submitted,

Robert A. Fumerton

cc: All counsel (by email)

---

[2] *Accord* FHFA Letter of 3/13/13, at 2 (successfully arguing that "factual information contained in [a privileged document] was gathered at the direction of counsel and then analyzed by counsel as part of a larger legal analysis," and thus was protected from discovery).