FHFA's Response to Defendants' Letter re:
Fannie Mae Rule 30(b)(6) Designees

March 28, 2013

**VIA ELECTRONIC MAIL AND HAND DELIVERY**

The Honorable Denise L. Cote
United States District Judge
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re:   *FHFA Actions*, No. 11-cv-5201, *et al.* (S.D.N.Y.) (DLC)

Dear Judge Cote:

We write on behalf of FHFA in response to Defendants' March 26, 2013 letter seeking to compel FHFA to provide additional Fannie Mae Rule 30(b)(6) witnesses and additional time for Rule 30(b)(6) examination. For Topics 3 and 4 (PLS purchase process), 5 (metrics and models), and 9 (relationship between PLS and housing goals), Defendants claim that the designees were not adequately prepared. We refute those arguments below. For Topics 13 (wraps), 21 (credit rating agencies), and 23 (compensation), Defendants' sole basis for seeking additional time is that they ran out of time and asked no questions of the designees for those topics—who were prepared and scheduled to be deposed—within the 14 hours permitted by the Deposition Protocol (Dkt. 452). Defendants' failure to efficiently budget their time is not a legitimate ground for relief.

**Background.** On February 1, 2013, FHFA objected to the scope of the topics in Defendants' January 11 deposition notice of Fannie Mae. After a meeting of counsel, FHFA agreed to designate witnesses to testify about certain topics to the extent Defendants sought information concerning the Fannie Mae policies and procedures relevant to those topics. *See* 11/15/12 Hrg. Tr. at 22:18-25 ("30(b)(6) witnesses are not fact witnesses"; such "witnesses should principally be talking about policy and procedure issues for the institution."); Fed. R. Civ. P. 30(b)(6) ("The [] organization must [] designate one or more . . . persons who consent to testify on its behalf; and *it may set out the matters on which each person designated will testify*.") (emphasis added)).[1]

**The Designees Were Prepared to, and Did, Testify Competently Within the Agreed Scope.**
The Fannie Mae designee for Topics 3, 4 and 9 was David Cook ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ In addition to relying on his personal knowledge, before testifying, Mr. Cook reviewed several binders containing the most relevant policy and procedure documents, which FHFA provided to defense counsel and that were marked as deposition exhibits.[2] *See* Ex. 3. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Defendants' complaints about Mr. Cook's adequacy as a designee defy logic when juxtaposed against the eight hours of testimony obtained from him.

---

[1]  FHFA identified the agreed scope of the topics in each designee's reference binder. *See* Exs. 1 & 2; *see also* Defs. Ex. E at 39-40.
[2]  Attached hereto as Exhibits 3 & 4 are the tables of contents for each designee's witness binders, which were marked as deposition exhibits. FHFA offers to submit copies of the binders upon the Court's request.



Defendants do not contend that Mr. Cook failed to answer any question regarding any version of the PLS Risk Policy.  Rather, they seek additional time by alleging that he was not familiar with the Non-Agency (Private Label) Desk Procedure Manual.

Defendants' questions about what data the loan tapes sent to Fannie Mae contained do not relate to policies or procedures and are more appropriate for a non-30(b)(6) witness.  Nor is Mr. Cook's unfamiliarity with the contents of the tapes a basis for additional testimony; that information is empirical, and FHFA has produced the tapes.  FHFA rejects the contention that Mr. Cook was not prepared to testify about anti-predatory lending.

The only deficiency alleged about this topic is Mr. Cook's inability to testify about the due diligence practices of third parties retained by *the issuers*.  Shane Ltr. at 2.  FHFA was not obligated to educate Mr. Cook about Defendants' due diligence, however, because that is not "information known or reasonably available to the organization."  Fed. R. Civ. P. 30(b)(6).

The Fannie Mae designee for Topics 5 and 21 was Francisco Gonzalez-Rey.  Defendants' complaints about him are equally meritless.  During the relevant time period, he was a Senior Financial Engineer who helped develop and implement Fannie Mae's PLS modeling tool and conducted PLS surveillance.  In addition to relying on his personal knowledge, before testifying, Mr. Gonzalez-Rey reviewed binders of relevant policy and procedure documents, which were provided to defense counsel and marked as deposition exhibits.  *See* Ex. 4.  He also spoke with others involved in PLS, including traders and analysts in Capital Markets Strategy who conducted PLS pre-purchase analysis, surveillance and monitoring.  *See* Ex. 2, Tab 5.

**Defendants Wasted Hours on Out-of-Scope Questions and Are Not Entitled to More Time.**
Rather than ask questions within the scope, defense counsel disregarded the Court's directive not to "try to circumvent the limit on the number of fact witnesses by using a 30(b)(6) witness to do the work of what is traditionally fact witnesses[.]"  11/15/12 Hrg. Tr. at 22:18-21.

---

[3]

[4]  Defendants did so in spite of the Court's denial of their request that FHFA designate 30(b)(6) witnesses to testify about single-family and information barrier issues.  2/21/13 Hrg. Tr. at 44:15-45:1.

Defendants' extended detour from the agreed scope of the topics does not provide a legitimate basis for additional designees or additional time for Rule 30(b)(6) testimony from Fannie Mae.

Respectfully submitted,

/s/ Philippe Z. Selendy
Philippe Z. Selendy
(philippeselendy@quinnemanuel.com)
QUINN EMANUEL URQUHART &
　　SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. UBS Americas, Inc., FHFA v. JPMorgan Chase & Co., FHFA v. Deutsche Bank AG, and FHFA v. Citigroup Inc., FHFA v. Goldman, Sachs & Co.*

/s/ Christine H. Chung
Christine H. Chung
(christinechung@quinnemanuel.com)
QUINN EMANUEL URQUHART &
　　SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. First Horizon National Corp., FHFA v. Bank of America Corp., and FHFA v. Credit Suisse Holdings (USA), Inc.*

/s/ Richard A. Schirtzer
Richard A. Schirtzer
(richardschirtzer@quinnemanuel.com)
Adam Abensohn
(adamabensohn@quinnemanuel.com)
QUINN EMANUEL URQUHART &
　　SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. HSBC North America Holdings, Inc. and FHFA v. Nomura Holding America, Inc.*

/s/ Manisha M. Sheth
Manisha M. Sheth
(manishasheth@quinnemanuel.com)
QUINN EMANUEL URQUHART &
　　SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. UBS Americas, Inc., FHFA v. JPMorgan Chase & Co., FHFA v. Barclays Bank PLC, FHFA v. Citigroup Inc., and FHFA v. Merrill Lynch & Co., Inc.*

/s/ Kanchana Wangkeo Leung
Kanchana Wangkeo Leung
(kleung@kasowitz.com)
KASOWITZ, BENSON, TORRES &
　　FRIEDMAN, LLP
1633 Broadway
New York, NY 10019

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. Ally Financial Inc., FHFA v. Morgan Stanley, and FHFA v. SG Americas, Inc.*

cc: All Defense Counsel of Record