SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
FOUR TIMES SQUARE
NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
(212) 735-3902
DIRECT FAX
(917) 777-3902
EMAIL ADDRESS
ROBERT.FUMERTON@SKADDEN.COM

**MEMO ENDORSED**

May 7, 2013

**BY EMAIL**
Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

RE: <u>FHFA v. UBS Americas Inc., et al., 11-cv-5201 (DLC)</u>

Dear Judge Cote:

      On behalf of defendants in the above-referenced action (the "UBS Defendants"), we write in response to FHFA's letter to the Court, dated May 3, 2013, and to respectfully request that the Court order an extension of the fact and expert discovery deadlines in the UBS Action.

      As early as November 15, 2012 – nearly <u>six months ago</u> – FHFA represented to this Court that its remaining document production consisted largely of documents from the "post-closing" period. <i>See</i> Nov. 15, 2012 Tr. at 40:19-25 (Court: "May I ask a question of FHFA? The document production that you've made to date, we'll say in round numbers the half million documents, were those the documents that were largely contemporaneous with the purchase of the securitizations? And is the production that is still being made largely of those documents in the post-closing era?" Mr. Rand: "Yes, your Honor."). On January 25, 2013 – and on numerous occasions thereafter – FHFA represented to this Court and the UBS Defendants that it had substantially completed its document production and that any ongoing production related principally to post-closing documents. <i>See</i> Exhibits A & B. Indeed, as recently as <u>March 19, 2013</u>, FHFA represented to this Court that:

> [FHFA has] substantially completed its production of documents from its non-custodial sources, including shared drives and similar document repositories, from the pre-closing time period. FHFA anticipates that it will fully complete production of these documents by the end of March 2013. Further, FHFA has already made a significant production of documents from its non-custodial sources from the post-closing time period, and it anticipates completing the production of such documents by the end of April 2013.

<i>See</i> Exhibit C.

Honorable Denise L. Cote
May 7, 2013
Page 2

Now, in its letter dated May 3, 2013, FHFA identifies <u>for the first time</u> a number of production issues which have purportedly caused FHFA's production since January 25 to be "larger than [] anticipated."[1] These issues include certain technical errors attributed to FHFA's vendor, the production of a substantial number of documents following privilege review, and – most alarmingly – the "discover[y] of additional uncollected document repositories at Freddie Mac," which FHFA purportedly discovered while preparing witnesses for depositions. Before submitting its letter to the Court, FHFA <u>never</u> informed the UBS Defendants of these production issues, nor corrected its representations that (i) its document production was substantially complete and (ii) its outstanding document production consisted largely of post-closing documents. To the contrary, rather than correct these representations, FHFA has repeatedly relied on them in opposing the UBS Defendants' numerous requests for an extension of the deadlines for the close of fact and expert discovery, which the UBS Defendants have requested in light of the fact that document discovery has been ongoing well past the October 22, 2012 deadline for substantial completion.

Thus, FHFA has now admitted that its production of documents since its representation that it was substantially complete consists of more than just "ongoing cleanup," as FHFA has led this Court to believe. *See* Feb. 7, 2013 Tr. at 31:16. In fact, more than 30% of the documents FHFA has produced in this entire action have been produced <u>after</u> FHFA claimed to be substantially complete – and FHFA's production remains ongoing. The UBS Defendants respectfully submit that their ability to prepare for and take depositions, and their ability to prepare for the submission of expert reports and expert discovery, has been substantially prejudiced by FHFA's ongoing and belated document production. Indeed, opening expert reports must be served by June 4, 2013 – <u>less than three weeks</u> after FHFA is scheduled to complete its document production. The UBS Defendants may not even have the opportunity to meaningfully review many of these documents prior to that date.

Accordingly, and in light of the newly-disclosed information in FHFA's May 3 letter, the UBS Defendants respectfully request that the Court extend the close of fact discovery (now scheduled for August 30, 2013) and the close of expert discovery (now scheduled for September 4, 2013) until December 6, 2013 – the date upon which discovery is scheduled to close in the other coordinated actions pending before this Court – and that interim expert deadlines be adjusted accordingly.

*[Handwritten annotation:] The parties may adjust discovery dates in the UBS case on consent, as well as the schedule for any summary judgment motion, so long as any summary judgment motion is fully submitted by 10/11/13 and the Pretrial Order filed by 12/6/13.*

*/s/ Denise Cote*
*May 9, 2013*

---

[1] FHFA's suggestion that Defendants' "requests for additional searches and productions of documents" contributed, in part, to its post-January production is belied by the record, as fully described in a separate letter submitted to the Court today by Edward J. Bennett, which is incorporated by reference herein. Moreover, FHFA does not even identify how many documents were produced because of these purported additional requests.

Honorable Denise L. Cote
May 7, 2013
Page 3

                                                    Respectfully submitted,

                                                    Robert A. Fumerton

cc:    All counsel of record (by email)