**MEMO ENDORSED**

**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
(212) 849-7441

WRITER'S INTERNET ADDRESS
manishasheth@quinnemanuel.com

RECEIVED MAY 16 2013 CHAMBERS OF DENISE COTE

May 15, 2013

VIA ELECTRONIC MAIL

The Honorable Denise L. Cote
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

*[Handwritten endorsement: UBS may respond to this letter today, May 16. This issue will be addressed at the May 17 conference call. /s/ Denise Cote May 16, 2013]*

Re:   *FHFA v. UBS Americas Inc., et al.*, No. 11-cv-5201 (S.D.N.Y.) (DLC)

Dear Judge Cote:

On behalf of Plaintiff FHFA, we write regarding the UBS Defendants' ("UBS"): (i) failure to comply with the Court's Expert Scheduling Order dated November 26, 2012 (the "ESO") regarding the disclosure of Alternative Sets; and (ii) refusal to provide the information requested in Exhibit 1 to the Court's Supplemental Expert Scheduling Order for Tranches 3 and 4, dated February 27, 2013 (the "Supplemental ESO"). FHFA respectfully requests that UBS be precluded from relying on any Alternative Sets for any purpose and that it be directed to complete Exhibit 1 to the Supplemental ESO and provide the additional information requested by FHFA on March 6, 2013, as detailed below.

### A.   UBS Should Be Precluded From Relying On Any Alternative Sets

Paragraph 5 of the ESO provides that 21 days after receipt of FHFA's Findings for any given Securitization, UBS shall identify any Alternative Set of loans in that Securitization that it intends to make use of "for purposes of re-underwriting or otherwise." It also requires that within 21 days of receiving FHFA's Findings for 50% of all Securitizations, UBS shall identify any other Alternative Sets on which it intends to rely. Despite the fact that FHFA disclosed its Findings for all Securitizations to UBS more than 21 days ago, on April 19, 2013, UBS has failed to identify any Alternative Set. The ESO provides that "[t]he parties shall be precluded from making use of any Alternative Set not identified . . . except for good cause shown."

UBS informed FHFA on May 13, 2013 that despite its failure to disclose Alternative Sets, it was reserving its rights to: (i) rely on loans "to support its due diligence defense" at a later time; and (ii) "analyze the performance of the loans." (Ex. A.) Given that paragraph 5 of the ESO expressly applies to "*any* alternative set of loans" that Defendants plan to rely upon for *any purpose*, however, there can be no question that any loans or any subset of loans on which UBS intends to perform any analysis is an Alternative Set. As such, UBS's reservation of rights

contravenes the plain language of the ESO. Because UBS has failed to timely disclose such Alternative Sets, FHFA respectfully requests that this Court preclude UBS from relying on any set of loans for any purpose, absent a future showing of good cause.

      **B.**    **UBS Should Be Compelled To Complete and Confirm the Accuracy of Exhibit 1 and Provide Limited Additional Information Requested By FHFA**

Irrespective of whether UBS relies on any "sets" to establish its due diligence defense, UBS will be able to introduce other evidence in support of its diligence defense. To enable FHFA to rebut that defense, and to identify documents that may need to be collected from third parties, including due diligence firms, well before expert discovery, FHFA requested in early February that UBS (and all other Defendants) complete the spreadsheet that later became Exhibit 1 to the Supplemental ESO, before that order issued. Because UBS had already produced diligence summaries containing data called for by the spreadsheet, the parties agreed that FHFA would populate a spreadsheet substantially similar to Exhibit 1 and that UBS would then confirm the accuracy of that information and populate the remaining fields in the spreadsheet.

FHFA spent weeks culling through UBS's diligence summaries and other information and provided a partially completed spreadsheet to UBS on March 6, 2013. (Ex. B.) FHFA asked UBS to populate the missing fields, confirm the accuracy of the information contained in the spreadsheet, and provide additional information, including: (i) identification of whether the listed loans were within an SLG, outside the SLG but within a Securitization, or outside the Securitizations[1]; (ii) the type of diligence conducted on each listed loan; and (iii) specification of the loans "kicked out" as a result of the diligence process. On March 15, 2013, UBS informed FHFA that it would not complete the spreadsheet or provide the additional information on the grounds that: (1) the Supplemental ESO applies only to Tranche 3 and 4 defendants; and (2) the information gathering could "just as easily be conducted by FHFA[.]" (Ex. C.) Despite FHFA's efforts to complete the spreadsheet, there remain numerous open fields.

FHFA respectfully requests that UBS be ordered to provide the information and confirmation it requested in its March 6 letter. The principle that lies behind Exhibit 1—that Defendants should identify the diligenced loans and the forms of diligence to enable the parties to identify and seek any relevant documents that may be in the possession of third parties—applies with even greater force to Tranche 1 and 2 Defendants. All other defendants are completing Exhibit 1 and including an identification of the type of diligence performed on each loan and whether each loan was within an SLG, outside the SLG but within a Securitization, or outside the Securitizations. Further, "kicked out" loans are the group of loans Defendants are most likely to rely on in presenting their due-diligence defense. UBS should thus identify such loans unless UBS represents that it does not intend to rely on such loans.

For the foregoing reasons, FHFA respectfully requests that: (i) UBS be precluded from relying on any Alternative Sets of loans for any purpose, absent a showing of good cause; and (ii) UBS be compelled to complete the information missing from Exhibit 1, as FHFA provided it to UBS on March 6, confirm the accuracy of the information therein, and provide the additional information requested by FHFA in its March 6 letter, on or before May 31, 2013.

---

[1] UBS had represented at the February 21, 2013 conference that it intended to rely on non-Supporting Loan Group ("SLG") loans in presenting its due diligence defense.

Respectfully submitted,

Manisha M. Sheth

cc: Counsel of Record